■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES BOULDIN, Appellant.— Appeal from a judgment of the County Court in Columbia County, rendered March 13, 1972, upon a verdict convicting defendant of the crime of assault in the second degree. The first count of a two-count indictment charged the defendant with assault committed with a dangerous instrument, i.e., a spatula. The second count of the indictment was dismissed at the end of the prosecution's case and we are not concerned with it on this appeal. On November 16, 1971 at about 8:00 P.M., the defendant and two companions entered a luncheonette operated by the victim of the alleged assault and his wife who was also present. An incident occurred when payment for a sandwich ordered by one of the trio was refused. Also in the establishment at the time was another customer. All six testified at the trial. Defendant took the stand and denied the assault, and more specifically of ever having seen the spatula. Defendant's testimony was largely corroborated by his two companions. The victim testified that defendant had a black object in his hand during the scuffle which he thought was a spatula. He sustained a two-inch cut in the left abdomen area. Much of the prosecution's proof was circumstantial in nature. There were contradictions in the testimony which presented questions of fact and credibility for the jury to determine. On this appeal defendant maintains that there was insufficient proof to establish a prima facie case. With this contention we do not agree. The record as a whole is sufficient, in our opinion, to sustain the jury's verdict (*People* v. *Regina,* 19 N Y 2d 65), and we should not disturb it unless there was substantial error. The defendant contends, among other things, that the court committed prejudicial error in permitting the prosecution to elicit details of a prior assault. This contention also lacks merit. Defendant initially denied the prior assault, but after a recess and consultation with his attorney, he admitted it. The prosecution then questioned defendant about the circumstances surrounding the prior assault, all without objection. On redirect defendant was permitted, over objection, to explain the assault. The prosecution on recross questioned defendant, over objection, about additional details of the assault. This, we conclude, under the circumstances, was proper. (*People* v. *Sorge,* 301 N. Y. 198.) We have examined the other issues raised by the defendant and find they lack merit. Judgment affirmed. Staley, Jr., J. P., Cooke, Sweeney, Simons and Kane, JJ., concur.