Robert H. Ecker, J.
Defendant has moved by notice of motion dated March 11, 1974 for an order permitting him to inspect the Grand Jury minutes and in the alternative for an order dismissing the indictment upon the ground that it is based upon illegal evidence.
Defendant was indicted in a five-count indictment charging him with:
(1) a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law,
(2) a violation of subdivision 3 of section 1192 of the Vehicle and Traffic Law,
(3) reckless driving,
(4) criminally negligent homicide, and
(5) manslaughter in the second degree, all arising out of the operation of a pickup truck on Route 22 in the Town of Peters-burg, County of Rensselaer, on August 4, 1973 and the resulting accident which took the lives of three people.
Counts 1, 2 and 5 specifically refer to the defendant’s intoxication. Additionally defendant contends that under the facts here intoxication is necessary to support Counts 3 and 4.
Defendant objects to the admission in evidence before the Grand Jury of the results of a chemical test of his blood which showed .15 of one per centum by weight of alcohol in his blood.
Defendant contends that the results of the chemical test were improperly received by the Grand Jury claiming that he was never placed under arrest until after the indictment was returned;,that blood alcohol for use as evidence under the Vehicle and Traffic Law must be based upon blood taken within two *464 hours of the arrest; that he was not asked to consent to the withdrawal of blood and any blood taken from his body at the Putnam Memorial Hospital at Bennington, Vermont, was for medical purposes only and finally that all of the evidence before the Grand Jury bore tainted fruit from the poisoned tree of this alleged illegal evidence.
The court has inspected the Grand Jury minutes and concludes there was sufficient evidence of defendant’s intoxication before the Grand Jury to sustain Counts 2, 3, 4 and 5 of this indictment without blood alcohol test evidence.
However, because of the importance of the use of the blood alcohol evidence before a Grand Jury where there has been no arrest or breath test prior to the taking of the blood sample, the court will also pass on the question of the admissibility of the blood alcohol before the Grand Jury.
Section 1192 of the Vehicle and Traffic Law, in subdivisions 2 and 3 thereof, provides as follows: “ 2. No person shall operate a motor vehicle while he has .10 of one per centum or more by weight of alcohol in his blood as shown by chemical analysis of his blood, breath, urine or saliva, made pursuant' to the provisions of section eleven hundred ninety-four of this chapter.
* ‘ 3. No person shall operate a motor vehicle while he is in an intoxicated condition.” (Emphasis supplied.)
Section 1194 of the Vehicle and Traffic Law insofar as here applicable, reads as follows: “1. Any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical test of his breath, blood, urine, or saliva for the purpose of determining the alcoholic or drug content of his blood provided that such test is administered at the direction of a police officer:
“ (1) having reasonable grounds to believe such person to have been driving in violation of any subdivision of section eleven hundred ninety-two and within two hours after such person has been placed under, arrest for any such violation.” (Emphasis supplied.)
Section 1195 of the Vehicle and Traffic Law insofar as here pertinent reads:
‘ ‘ 1. Upon the trial of any action or proceeding arising out of actions alleged to have been committed by any person arrested for a violation of any subdivision of section eleven hundred ninety-two, the court shall admit evidence of the amount of alcohol or drugs in defendant’s blood as shown by a test administered pursuant to the provisions of section eleven hundred ninety-four of this chapter.
*465 “2. The following effect shall be given to evidence of blood-alcohol content, as determined by such tests, of a person arrested for a violation of section eleven hundred ninety-two.” This section then goes on to detail the prima facie effect of there being less than .10 of one per centum by weight of alcohol in the blood.
Subdivision 2 of section 1192 as before noted, prohibits the operation of a motor vehicle while the operator has .10 of one per centum or more by weight of alcohol in his blood and that is unrelated to whether or not the operator was in fact intoxicated.
Conviction of a violation of that subdivision depends solely upon the result of the chemical test, and more particularly, a chemical test made pursuant to section 1194. Since the chemical test here was not pursuant to section 1194, there being no predicate arrest or breath test, the result was not admissible to establish a violation of subdivision 2 of section 1192. Accordingly, the first count of the indictment must be dismissed.
Under the present statutory scheme of the Vehicle and Traffic Law there is no provision permitting the results of any blood alcohol test to be admitted as prima facie evidence of intoxication. The result of a section 1194 test is admissible under section 1195 in a prosecution under subdivision 3 of section 1192 prohibiting the operation of a motor vehicle while in an intoxicated condition, but, its relevance as bearing on the issue of intoxication would depend upon expert testimony.
On the other hand, the Vehicle and Traffic Law does not preclude the admission of a non-1194 chemical test in evidence. It is admissible on a subdivision 3 of section 1192 prosecution under the common law in the same manner as in, any other criminal prosecution where the question of intoxication is relevant. However, as above mentioned in the prosecution for a violation of subdivision 3 of section 1192 as well as any other criminal case, the relevancy of the test result on the issue of intoxication would depend upon expert testimony. Compare People v. Leis (13 A D 2d 22) where the court held that the presumptions of intoxication contained in section 70 of the Vehicle and Traffic Law did not apply to a prosecution for criminal negligence in the operation of a motor vehicle resulting in death. To the same effect see People v. Manning (7 A D 2d 1008).
In People v. Manning (supra), defendant was charged with criminal negligence in the operation of a motor vehicle resulting in death. An analysis of defendant’s blood showing .20 per cent of alcohol by weight was received in evidence along with testimony of an expert witness who testified that .20 per cent of alcohol in the blood showed intoxication. The court said:
*466 “ The proof respecting the blood test, made with appellant’s permission, was admissible. (Cf. Bovey v. State of New York, 197 Mise. 302.) ”
In People v. Flynn (73 Misc 2d 178) defendant was indicted for manslaughter second degree following an automobile accident and the death of a passenger. The defendant had consented to a blood test. The court held the blood test and the results thereof were properly introduced into evidence before the Grand Jury even though no arrest had theretofore been made.
Defendant contends that he did not consent to the withdrawal of his blood and that the blood therefore was illegally taken and not therefore admissible evidence against him. The testimony before the Grand Jury was that defendant did consent to the taking of a sample of his blood when asked by a State Police officer. It is therefore not necessary at this time to pass on the merits of defendant’s contention as to nonconsent. If the defendant is so advised, that issue can be determined upon a motion to suppress. However, Breithaupt v. Abram (352 U. S. 432) and Schmerber v. California (384 U. S. 757) both approved admissibility of results of a blood test taken without the defendant’s consent.
In Breithaupt (supra) defendant while driving his truck struck and killed three persons. The driver was unconscious at the time the blood was withdrawn and therefore had no opportunity to object to the procedure or to consent. The court held the result of the blood test was properly received in evidence.
In Schmerber (supra) defendant on the advice of counsel had refused to consent to the blood test. However, at the direction of a police officer, a blood sample was withdrawn from defendant’s body by a physician at the hospital. The court reaffirmed the result reached in Breithaupt (supra), and rejected defendant’s due process claim, his claim of privilege against self incrimination, his claim of a violation of his right to counsel, and his claim that the taking of the blood constituted an unreasonable search and seizure.
The court accordingly concludes that the result of the chemical test of defendant’s blood was admissible before the Grand Jury. Although its relevance on the issue of intoxication was not developed through expert testimony, there was more than ample other evidence of defendant’s intoxication before the Grand Jury to support the remaining counts of this indictment.
The defendant’s motion to dismiss is granted as to the first count of the indictment and in all other respects his motion is denied.