■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH GRIER, Appellant.— Judgment, Supreme Court, Bronx County, rendered October 3, 1972, convicting the defendant of robbery in the third degree, grand larceny in the third degree and assault in the second degree affirmed. The defendant was positively identified by two eyewitnesses to the crime, one of whom recognized him as someone from the neighborhood and both of whom saw him in the neighborhood after the crime and before his arrest. Therefore the admission of further identification, without objection, though it may have been erroneous as hearsay, is harmless (*People* v. *Milburn*, 19 N Y 2d 910). The identification testimony by one of the eyewitnesses cannot be deemed to have been tainted

by her presence at a preliminary hearing at which the other eyewitness identified the defendant since the former's testimony was based upon her view at the scene and her prior and later views of the defendant in the neighborhood (*People* v. *Chaney,* 36 A D 2d 782). The defendant's objection that the court's erroneous instruction to the jury on assault in the second degree was not withdrawn even though a correct instruction was later given is waived by his failure to have made it known (CPL 300.50). The defendant's complaint that the trial court did not marshal the evidence of his defense that the eyewitnesses lacked sufficient opportunity for identification is without merit. The defense was an inferential one and the evidence from which it was to be inferred was marshalled. The court apprised the jury of the defense and it adequately instructed the jury of the burden it threw upon the prosecution to overcome it. Concur — Nunez, J. P., Kupferman and Lynch, JJ.; Murphy and Lupiano, JJ., dissent in the following memorandum by Murphy, J.: Defendant was convicted of beating and robbing a mailman in the lobby of a building near where he was employed. The victim was unable to identify his assailant. However, there were two other eyewitnesses to the crime. Each had the opportunity to observe the perpetrator for only a few seconds, although one claimed she had seen him before in the neighborhood. Both witnesses also testified that they saw defendant, whom they identified as the attacker, after the event in issue. Defendant's employer testified that defendant worked at his laundromat during the hours the mailman was assaulted; although he admitted that defendant might have left the store for a few minutes on an errand. In addition to the testimony of the two eyewitnesses, a police officer was allowed to testify to the fact that he had been given a description of the " defendant " at the crime scene. The admission of such hearsay and prejudicial testimony was clearly error. (*People* v. *Trowbridge,* 305 N. Y. 471; *People* v. *Oliver,* 4 A D 2d 28, affd. 3 N Y 2d 684.) However, an even more egregious error was committed in the court's marshalling of the evidence for the jury. Examination of the charge reveals that the trial court emphasized the strength of the prosecution's case, without alluding to the cross-examination which focused on the eyewitness' extremely limited opportunity to observe defendant, or to the alibi testimony. Although the jury was cautioned, at a later point, as to the care to be accorded identification evidence, such instruction was, in our opinion, insufficient under the circumstances of the case. Objection to the manner in which the court marshalled the evidence was duly taken. In a close case such as this, where the defendant was arrested four months after the crime and where the evidence of guilt is far from overwhelming, we cannot conclude that the errors above referred to did not affect defendant's substantial rights. (Cf. *People* v. *Ramsey,* 40 A D 2d 837; *People* v. *Intersimone,* 266 App. Div. 280.) Accordingly, the judgment appealed from should be reversed and a new trial ordered.