THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEPHEN P. RUMANER, Appellant.

Third Department, July 25, 1974.

*Louis J. Casella, Public Defender (Charles M. White* of counsel), for appellant.

*Patrick D. Monserrate, District Attorney (Jon S. Blechman* of counsel), for respondent.

COOKE, J.   During the early morning hours of June 6, 1972, a fracas erupted at My Apartment, a bar in the City of Binghamton, over the owner's desire to close the bar before a patron had finished his drink.   In the course of the fight, Gordon Bloom, the complainant, who was employed as a bouncer and occasional bartender, was grabbed from behind as he went towards the phone to call the police, knocked down and kicked in the face 10 or 12 times by the defendant, who was wearing heavy leather boots.   As a result of the assault, Bloom suffered a fracture of the floor of the orbit of his left eye which caused the eye to sink below its normal level and required complicated corrective surgery.   A plastic surgeon, Dr. Moscatelli, testified that the injury created a substantial risk of protracted impairment of health in the form of double vision and headaches and a substantial and protracted risk of loss of function of a bodily organ in that complainant would never be able to see clearly again.   Complainant testified that he still experienced occasional pain in the injured area and that he strains his eye whenever he looks up.   There is also evidence in the record that, even after surgery, complainant's eye level had not returned to normal and that the left eyelid was lower than the right.

Defendant assails the judgment contending, among other things, that insofar as a violation of subdivision 1 of section 120.05 of the Penal Law is charged, the conviction cannot stand since there was no proof of a " serious physical injury " or of the intent to inflict the same; and that insofar as a violation of subdivision 2 of that section is charged, the judgment is erroneous as a matter of law since the boots used to inflict the injury cannot be considered a " dangerous instrument."

We find these arguments unpersuasive.   Proof of a " serious physical injury " may be found in a showing of a physical injury which creates a substantial *risk* of death; or by evidence of a physical injury which actually causes death, or actually causes serious *and* protracted disfigurement, or actually causes protracted impairment of health, or actually causes protracted loss of the function of any bodily organ, or actually causes protracted impairment of the function of any bodily organ (Penal

Law, § 10.00, subd. 10). It is clear from the foregoing that there was proof of " serious physical injury " in that the assault resulted in protracted impairment of the function of Bloom's left eye. Of course, there was no direct proof of defendant's intent to inflict such injury. By the very nature of things, such proof, involving as it does the intangible operations of the mind, will not be available in all but the most unusual of cases. Thus, the requisite intent can be inferred by the trier of fact from defendant's conduct (Richardson, Evidence [10th ed.], § 90, p. 64). Here, the fact that defendant " stomped " complainant's face 10 to 12 times negates any argument that his conduct was inadvertent and provides ample proof from which the requisite criminal intent could be inferred.

Turning to defendant's second argument, it should be noted that the Penal Law does not attempt to define " dangerous instruments '' in terms of their attributes but defines them in terms of temporary use (Penal Law, § 10.00, subd. 13). *Any* instrument, article or substance which, under the circumstances in which it is used, is capable of causing death or other serious physical injury is a dangerous instrument within the meaning of the statute. Defendant's boots were used to inflict serious physical injury upon the complainant and therefore could be found to be a dangerous instrument (cf. *People* v. *Bouldin,* 40 A D 2d 1045).

We have examined defendant's remaining arguments and find them without merit.

The judgment should be affirmed.

HERLIHY, P. J., KANE, MAIN and REYNOLDS, JJ., concur.

Judgment affirmed.