## (May 13, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY AHEARN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. GUZEK, JR., Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered February 17, 1981, upon a verdict convicting defendants of the crime of assault in the second degree. On the morning of March 23, 1980, James Akley and defendant Ahearn were involved in an altercation at the Blarney Stone Inn, a tavern in Cohoes. During this incident, which is not the subject of the instant indictment, each participant suffered minor injuries. Several hours later, defendants Ahearn and Guzek proceeded to Akley's home, bringing with them Guzek's German Shepherd dog. A second fight ensued during which Akley was beaten by both defendants and attacked by the dog. The indictment charged each defendant with two counts of assault in the first degree, and a third count of assault in the second degree. The latter count essentially alleged that the codefendants caused "serious physical injury" to the victim by striking and kicking him, and by causing Guzek's dog to "attack, scratch and claw" him. At the close of the People's case, the trial court dismissed the first two counts against Ahearn, and the second count against Guzek. Both defendants were convicted of second degree assault. Both have appealed. Defendant Ahearn contends that the court erred by limiting his direct examination regarding the earlier altercation to "the physical condition of the alleged victim of this case following that altercation", while the prosecutor was previously permitted to examine as to how the fight ended. The prosecutor was restricted from inquiring into the cause of the fight. Ahearn argues error in the improper exclusion of relevant evidence, and the alleged unequal treatment demonstrated by the court.

Determinations of relevance and remoteness of evidence rest within the trial court's discretion (*People v Warner,* 52 AD2d 684). A court may properly execute relevant evidence if its probative value is outweighed by the danger of delay, undue prejudice, or confusion of issues (Richardson, Evidence [10th ed], § 147, p 117). Ahearn argues that the above ruling precluded the jury from determining which of the victim's injuries were attributable to the prior altercation. We agree that previous injury is relevant to the issue of "serious physical injury" sustained in the second fight at the victim's home. However, the court properly permitted full inquiry into the initial injuries sustained by the victim, the very point of relevance asserted by Ahearn. Moreover, in view of the fact that two separate incidents occurred within a matter of hours, the court avoided an almost certain confusion of issues by excluding extraneous details of the event not being tried. Under the circumstances, we do not consider the slightly greater latitude afforded the prosecutor in his questions on the prior event to have deprived defendant of a proper trial (see, generally, *People v De Martino,* 252 App Div 476). Next, both defendants contend that the proof was insufficient as a matter of law to establish the crime of assault in the second degree. They urge that the proof fails to establish "serious physical injury", as required by subdivision 1 of section 120.05 of the Penal Law, or that any such injury resulted from the altercation described in the indictment. Initially, we note that there is ample evidence in the record to support a finding of "serious physical injury" (Penal Law, § 10.00, subd 10), including a fractured right hand, multiple abrasions and contusions, and a laceration which left a permanent scar on the victim's arm. Clearly, the assault resulted in a protracted impairment of the function of the victim's right hand (see *People v Rumanef,* 45 AD2d 290). It is reasonable to characterize the extensive permanent scar as a "serious and protracted disfigurement" (Penal Law, § 10.00, subd 10). In our view, the record fully supports the jury determination that Akley sustained these injuries during the second altercation at his home. The victim and eyewitnesses testified to their observations of the defendants' assaultive conduct. Dr. Coletti opined that the injuries were consistent with an assault by two men and a dog. Essentially, this testimony presented an issue for jury determination which we should not disturb (*People v Gruttola,* 43 NY2d 116, 122). We reject defendant Ahearn's contention that the People were required to establish a "serious physical injury" independent of injuries attributable to the dog. Since the instrumentality producing injury is not a material ingredient of subdivision 1 of section 120.05 of the Penal Law, it was not necessary for the indictment to specify the precise cause of each separate injury. Count No. 3 of the indictment, which charges a violation of subdivision 1 of section 120.05 of the Penal Law, was sufficiently precise to apprise each defendant individually of the conduct underlying the charge. Defendants were responsible for their own actions (Penal Law, § 20.00), and for harm caused by the dog. Contrary to Ahearn's contention, the acquittal on Count No. 1, charging assault with a "dangerous instrument" (Penal Law, § 120.10, subd 1), does not compel the conclusion that Akley's injuries were in no way attributable to defendant Guzek's dog. Nor, for that matter, may the acquittal on Count No. 1 be deemed conclusive as to a necessary element involved in Count No. 3. Since each count charges different crimes with different elements, conviction on the latter was not repugnant (*People v Tucker,* 55 NY2d 1; *People v Delorio,* 33 AD2d 350). We have examined defendants' remaining contentions and find them to be without merit. The court's examination of Dr. Coletti did not exceed the proper bounds of the trial court's supervisory role, but merely served to clarify the issue to be resolved (*People v Jamison,* 47 NY2d 882). While each defendant assigns error to the charge, neither preserved the issue for appeal by timely exception (*People v Thomas,* 50 NY2d

467; CPL 470.05, subd 2). We decline to review the issue in the interest of justice (CPL 470.15, subd 3, par [c]; see *People v Musolino,* 54 AD2d 22, 26). The issue of justification is not supported by the evidence, nor did either defendant request a justification charge (see *People v Rivera,* 74 AD2d 589). Finally, since each sentence imposed was less than the maximum allowed by law (see Penal Law, §§ 70.06, 70.02, subd 1, par [c]; subd 2 par [b]; § 70.00, subd 2, par [d]), we find no abuse of discretion by the sentencing court (*People v Downs,* 77 AD2d 740, mot for lv to app den 51 NY2d 773). Judgment affirmed. Sweeney, J. P., Main, Casey, Weiss and Levine, JJ., concur.