■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v CHARLES A. HALL, Respondent-Appellant. — Order and judgment unanimously reversed, on the law and facts, and a new trial granted. Defendant's motion to dismiss appeal denied. Memorandum: Defendant has been convicted after a jury trial of assault in the second degree, assault with intent to cause serious physical injury (Penal Law, § 120.05, subd 1). He thereafter moved

pursuant to CPL 330.30 to have the verdict modified or set aside. County Court granted the motion and modified the verdict to assault, third degree, assault with intent to cause physical injury (Penal Law, § 120.00, subd 1). The People appeal that order and defendant cross-appeals from the order and the judgment entered thereon contending, among other things, that the court erred in charging intent (see *Sandstrom v Montana*, 442 US 510) and also in denying its speedy trial motion (CPL 30.30). Defendant has also moved for dismissal of the appeal, contending that it is moot because defendant was sentenced by County Court to three years' probation as a youthful offender and his sentence was commuted after one year, 11 months, and has now been completed, and also because the appeal is untimely. The motion to dismiss is denied and we consider the appeal and cross appeal on the merits. The charges arise out of an assault occurring during the evening of February 4, 1978. Apparently some days before defendant and the victim, Alfred Dobbs, II, had some words about the defendant's girlfriend. Defendant drove to the Dobbs home that night, approached Dobbs as he stood in the driveway of his home and then struck him in the face and knocked him down. After Dobbs fell, defendant kicked him several times about the face and body as he was on the ground. Medical experts for the People and also for defendant agreed that Dobbs sustained injuries to his face, mouth and jaw. They testified that he continued at the time of trial, more than a year later, to have pain in his jaw and to be unable to open his mouth more than one inch. There was evidence that in all probability the victim's condition would continue for some time. In our view, this constituted evidence of serious physical injury within the definition of subdivision 10 of section 10.00 of the Penal Law, i.e., "protracted loss or impairment of the function of any bodily organ". It was sufficient to support the jury's verdict of second degree assault and we would reverse County Court's order and reinstate the verdict but for that court's error in charging intent. In submitting the cause, the court read the jury the statutory definition of intent contained in section 15.05 of the Penal Law. It then attempted to explain this "legalistic language" by paraphrasing that "a person intends the natural and probable consequences of his acts." The charge was error because, as defense counsel noted in his exception to it, it permitted the jury to find intent from the doing of the acts themselves (see *Stokes v People*, 53 NY2d 164, 177-179; *People v Barr*, 75 AD2d 14, 15, and cases cited therein). Insofar as the speedy trial ruling is concerned, we agree with the court's denial of defendant's motion, although on somewhat different grounds. The court found that the criminal action was commenced when a misdemeanor information was filed in Justice Court on February 5, 1978 and that the case was marked ready for trial when defendant was served with the second indictment (the first was dismissed with leave to resubmit) on October 26, 1978. The second indictment contained an unsigned printed statement from the District Attorney's office that the case was ready for trial. We find this criminal proceeding commenced on June 22, 1978 when defendant was indicted for second degree assault and that the case was not marked ready for trial by the People until they announced on the record that it was ready on January 11, 1979. Excluding from that period the time for adjournments requested by defendant and those to which he consented, less than 180 days of delay were chargeable to the People. Our determination that the criminal action commenced on June 22 is based upon our finding that the proceeding before us is not the same proceeding as that instituted before Justice Court in February, 1978. The statute provides that the time begins to run against the People upon the commencement of the action (CPL 30.30). A criminal action commences upon the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20, subd 17) and includes the

filing of all further accusatory instruments directly derived from the initial one (CPL 1.20, subd 16). The accusatory instrument on which this defendant was tried was the indictment for assault, second degree. The prior accusatory instrument in Justice Court charged assault, third. The charges were not the same and the indictment was not "derived from" the misdemeanor information. The distinction becomes apparent upon reading CPL 100.05. It provides: "A criminal action is commenced by the filing of an accusatory instrument with a criminal court, and if more than one such instrument is filed in the course of *the same criminal action,* such action commences when the first of such instruments is filed. The only way in which a criminal action can be commenced in a superior court is by the filing therewith by a grand jury of an indictment *against a defendant who has never been held by a local criminal court for the action of such grand jury with respect to any charge contained in such indictment"* (emphasis added). The only way this action for assault, second degree, could be commenced was by the filing of the Grand Jury indictment because defendant was never held in the local criminal court under a felony complaint charging him with assault, second degree (cf. *People v Osgood,* 52 NY2d 37, 43-44). Justice Court had jurisdiction of the accusatory instrument charging the misdemeanor crime and it could have tried him on that charge or entertained a motion for dismissal of the charge pursuant to CPL 30.30 after 90 days. We have considered defendant's other points and find them to be without merit. (Appeals from order and judgment of Monroe County Court, Barr, J. — assault, second degree.) Present — Simons, J. P., Doerr, Denman, Boomer and Moule, JJ.