■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BOYD, Appellant. — Judgment, Supreme Court, Bronx County (William Holland, J.), rendered June 16, 1982, convicting defendant, after a jury trial, of robbery in the second degree and assault in the second degree, and sentencing him to concurrent indeterminate terms of imprisonment of 4½ to 9 years on the robbery count and 2½ to 5 years on the assault count, unanimously modified, on the law and the facts, to vacate the conviction of assault in the second degree and the sentence of 2½ to 5 years imposed thereon, and otherwise affirmed. ¶ The events giving rise to the conviction were that the defendant grabbed the victim around the neck, on a stairway in a Bronx apartment building, knocking her to the ground, punching her in the face and threatening her with death as he grabbed her bag and fled. ¶ The assault in the second degree conviction must be vacated as necessarily encompassed in the concurrent crime of robbery in the second degree (*People v Thompson,* 59 AD2d 672). As that case holds, where a verdict is comprised of inclusory concurrent counts, a verdict of guilty on the greater count is deemed a dismissal of every lesser count (CPL 300.30, 300.40, subd 3, par [b]; *People v Grier,* 37 NY2d 847, 848, modfg 45 AD2d 688). ¶ Under CPL 300.50, assault in the second degree is necessarily a lesser included offense of robbery in the second degree, which, by

definition is committed whenever a defendant forcibly steals property and causes physical injury to any person who is not a participant in the crime (Penal Law, § 160.10, subd 2, par [a]). This issue could not have been waived because it would have been inappropriate to submit these counts in the alternative (CPL 300.40, 300.50). Concur — Ross, J. P., Asch, Bloom, Fein and Alexander, JJ.