■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OZIE LEE BELL, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction for assault in the second degree, driving while intoxicated and related misdemeanors and traffic infractions defendant argues, *inter alia*, that the verdict was not supported by the evidence and that he was denied the right to counsel of his choice. All charges arose from an automobile accident in which defendant's car crossed a double yellow line and struck another car head on.

The defendant was convicted of "recklessly caus[ing] serious physical injury to another person by means of a * * * dangerous instrument" (Penal Law § 120.05 [4]). Under the circumstances here, defendant's car was used as dangerous instrument (Penal Law § 10.00 [13], [14]; *People v France,* 57 AD2d 432, 436). Defendant acted recklessly by operating his automobile while he was intoxicated and pulling out to pass the car in front of him while in a no-passing zone *(see, People v Heinsohn,* 61 NY2d 855, 856). The defendant caused serious physical injury to the driver of the other vehicle, who suffered a broken nose, a lacerated lip and a scar on her left hand and underwent two surgical operations to repair the lacerations and to alleviate her breathing problems. *(see, People v Hall,* 89 AD2d 788, 789; *People v Ahearn,* 88 AD2d 691, 692; *People v Rumaner,* 45 AD2d 290, 291-292).

The evidence was sufficient to convict defendant of driving while intoxicated (Vehicle and Traffic Law § 1192 [3], [5]; *see, People v Cruz,* 48 NY2d 419, 428). The record, viewed in a light most favorable to the People *(People v Kennedy,* 47 NY2d 196, 203), established that prior to the accident, defendant consumed 11 beers and 7 shots of whiskey. A witness of the accident, a police officer at the scene, a medical technician in the ambulance and the physician at the hospital emergency room all testified that defendant was incoherent, stumbling, abusive and smelled strongly of alcohol. (Appeal from judgment of Oneida County Court, Parker, J.—assault, second degree, and other charges.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and Green, JJ.