FIRST DEPARTMENT, AUGUST, 1985

(August 1, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN SNIPES, Appellant.—Judgment, Supreme Court, Bronx County (Frank Blangiardo, J.), rendered April 5, 1983, on a jury verdict which convicted defendant of assault in the second degree (Penal Law § 120.05), a class D felony, and imposed a $75 penalty and an indeterminate sentence of 2⅓ to 7 years, unanimously modified, on the law, to reduce the conviction to assault in the third degree (Penal Law § 120.00), a class A misdemeanor, and reduce the sentence to a term of one year, and otherwise affirmed.

Defendant was indicted for two counts of robbery in the second degree and assault in the second degree in connection with an assault on an IRT subway train at about 149th Street and the Grand Concourse, in The Bronx. The 61-year-old complainant was seated in the train in the next-to-last car, when he was approached by 4 or 6 youths, two of whom

jumped on top of him, and threw him to the ground after beating him. He testified that he had been hit in the eyes and nose, as a result of which, his face was bleeding. According to complainant, "they stepped on my head" and "they hurt me in my back." He was treated in the hospital emergency room and released. He sustained multiple contusions but no broken bones or internal injuries. The pain experienced by him lasted two days and no surgical or follow-up procedure was required.

To sustain a conviction for assault in the second degree, pursuant to Penal Law § 120.05 (1), requires proof beyond a reasonable doubt that the complainant suffered a "serious physical injury," which is defined by Penal Law § 10.00 (10) as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." While, generally, whether there was serious physical injury is a factual issue for the jury (*see, People v Rojas,* 61 NY2d 726; *Matter of Philip A.,* 49 NY2d 198), under the circumstances of this case, there was insufficient evidence to permit the trier of the facts to conclude that the complainant suffered serious physical injury within the terms of Penal Law § 10.00 (10). As a result of the attack, he suffered bruises, swollen eyes and multiple contusions and pain, which lasted for two days. However, there was no physical injury which created "a substantial risk of death * * * or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ", as required by the statute.

In *People v Ahearn* (88 AD2d 691), a conviction for assault in the second degree was upheld where complainant was beaten and kicked by defendant and was attacked by defendant's dog, as a result of which he sustained a fractured right hand, multiple abrasions and contusions and a laceration which left a permanent scar on his arm, a "serious and protracted disfigurement". In *People v Hall* (89 AD2d 788), complainant was struck in the face and knocked down, sustaining injuries to the face, mouth and jaw and rendering him unable to open his mouth more than one inch at the time of the trial, held more than one year after the assault. Concluding that this amounted to a "protracted loss or impairment of the function of any bodily organ", the court found sufficient evidence of serious physical injury to support a verdict of second degree assault. In *People v Rumaner* (45 AD2d 290), complainant was found to have sustained serious physical

injury as a result of being kicked 10 or 12 times by defendant, who was wearing heavy leather boots. The assault caused complainant to suffer a fracture of the orbit of the left eye, resulting in the eye sinking below its normal level and requiring corrective surgery. There was medical evidence that the injury created a risk of protracted impairment of health and loss of function of a bodily organ, in that complainant would be unable to see clearly again and could suffer from double vision and headaches.

While the proof did establish that there had been a vicious attack, justifying imposition of a severe sentence, plainly, there was no "serious physical injury" under Penal Law § 10.00 (10), a requisite element to conviction for assault in the second degree. Accordingly, we modify the conviction to the lesser included assault in the third degree (Penal Law § 120.00), a class A misdemeanor, and reduce the sentence to a term of one year (Penal Law § 70.15 [1]). Concur—Murphy, P. J., Fein, Milonas, Kassal and Rosenberger, JJ.