■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICK A. ROLLINS, JR., Appellant.—Casey, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered March 15, 1985, upon a verdict convicting defendant of the crimes of vehicular assault (one count) and operating a motor vehicle while under the influence of alcohol (two counts).

At about 8:45 P.M., on December 23, 1983 on Route 96B in the Town of Ithaca, Tompkins County, defendant's car swerved into the southbound lane while traveling north and struck an oncoming car which was driven by Julia Lawrence and occupied by two passengers, Maria Piccirillo and Chuck Reynolds. A State trooper arrived as defendant was being carried to an ambulance by stretcher. This trooper later testified that he noticed that defendant's eyes were watery and that he detected a strong smell of alcohol on defendant's breath. Defendant appeared semiconscious or unconscious. At about 11:00 P.M., at the Tompkins County Hospital emergency room, defendant was arrested on a charge of driving while intoxicated. After proper warning, defendant refused to submit to a chemical test. The trooper then contacted the District Attorney in order to obtain a telephone order to take blood from defendant *(see,* Vehicle and Traffic Law § 1194-a [3] [a]). This order was obtained over the telephone from the County Judge and, thereafter, defendant was given two blood tests which measured his alcohol content at .1714% and .1678%, respectively. Subsequently, defendant was indicted for vehicular assault, operating a motor vehicle with a blood alcohol level of at least .10% and driving while intoxicated. After a nonjury trial, defendant was convicted of all counts.

On this appeal, defendant argues that his arrest lacked probable cause, that the blood seizure order was illegally obtained and that the proof was insufficient to support his conviction of driving while intoxicated and vehicular assault.

Defendant claims that because the trooper was not permitted at trial to render an expert opinion as to defendant's intoxication, there was no probable cause for the trooper to arrest him. In such a situation, however, the inquiry is: "whether, viewing the facts and circumstances as they appeared at the time of arrest, a reasonable person in the position of the officer could have concluded that the motorist had operated the vehicle while under the influence of intoxicating liquor" *(People v Farrell,* 89 AD2d 987, 988). The arresting trooper here had 17 years of experience and had made about 170 arrests for driving while intoxicated. The trooper was entitled to draw upon that experience in his observation of defendant at the time of the arrest *(see, People v Corrado,* 22 NY2d 308, 313). Given the manner in which the accident occurred, the strong odor of alcohol on defendant's breath and his watery eyes, the trooper had probable cause to arrest defendant despite the fact that he did not observe defendant walk and talk.

As to the blood seizure order, we find that it was properly given even though the trooper was not sworn prior to making the application. The transcript of the oral application for the order shows that the trooper began his request by stating "William L. Bean, being duly sworn". Therefore, it is clear that he thought he was sworn and, in fact, he did swear to the contents of the application retroactively. The totality of the circumstances sworn to by the trooper complied with the test prescribed by Vehicle and Traffic Law § 1194-a (2). The personal observation of the trooper, as sworn to, provided an adequate basis for the blood seizure order. Included in that application was an allegation that two persons had been seriously injured. This allegation was supported by the fact that the trooper knew that two persons had to be transported to a hospital in Chemung County because the Tompkins County facility lacked sufficient expertise and equipment to treat them. Reasonable cause therefor existed to believe that defendant was impaired, that serious injury resulted from that impairment and that defendant had been lawfully arrested. Thus, the blood seizure order was valid. Having so determined, we reject defendant's argument that the conviction of driving with a blood alcohol level of at least .10% lacked competent supportive proof.

Furthermore, although this percentage alone was not sufficient proof of intoxication *(see, People v Blowers,* 79 Misc 2d 462, 465), such percentage, when coupled with expert testimony, proof of defendant's drinking, the description of defen-

dant on the stretcher and his refusal to consent to a blood test, more than sufficiently supported his conviction of driving while intoxicated.

The same claim of insufficient proof is made in regard to defendant's conviction of vehicular assault. To prove this crime, the People must prove (1) criminal negligence and (2) serious physical injury by operation of a vehicle in violation of Vehicle and Traffic Law § 1192 (2), (3) or (4). Since defendant's conduct was a gross deviation from the standard of care which a reasonable person would have observed, and because defendant caused a serious accident by swerving without reason into the path of an oncoming car while driving in an intoxicated condition, there is ample support for the finding of criminal negligence and that defendant was operating his vehicle in violation of Vehicle and Traffic Law § 1192 (3). As to the element of serious physical injury, it is agreed that said injury was incurred, if at all, by Piccirillo, a passenger in the Lawrence car. She sustained a rib fracture, contusions of the lung, a fracture of the left ankle and a head injury that left her in a coma for five days after the accident. She testified that she continued to experience pain in her ankle at the time of trial, which was in December 1984. These injuries supplied a factual basis for the trial court's finding of serious physical injury under Penal Law § 10.00 (10) (see, People v Ahearn, 88 AD2d 691, 692).

Having examined defendant's other contentions and found them meritless, we must affirm the conviction.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.