■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SAMUEL, Appellant.—Judgment of the Supreme Court, New York County (Rose Rubin, J.), rendered June 21, 1984, convicting defendant, after a jury trial, of manslaughter in the second degree (Penal Law § 125.15), criminally negligent homicide (Penal Law § 125.10), assault in the second degree (Penal Law § 120.05) and leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600), and sentencing him to concurrent indeterminate prison terms of from 4 to 12 years on the manslaughter count, 1⅓ to 4 years on the criminally negligent homicide count, 2⅓ to 7 years on the assault count, and 1⅓ to 4 years on the leaving the scene of an incident count, is unanimously modified, on the law, to the extent of dismissing defendant's conviction for criminally negligent homicide, and is otherwise affirmed.

Defendant was charged in two counts with causing the death of a pedestrian by striking her with an automobile, a manslaughter count describing his conduct as reckless, and a criminally negligent homicide count describing his conduct as criminally negligent. The District Attorney concedes that, on the facts of this case, the two counts were "inclusory concurrent counts" as defined by CPL 300.30 (4). Accordingly, a verdict of guilty on the manslaughter count must be deemed a dismissal of the lesser criminally negligent homicide count (CPL 300.40 [3] [b]; *see, People v Grier,* 37 NY2d 847).

We have reviewed defendant's other points on appeal and find them without merit. Concur—Sullivan, J. P., Ross, Carro, Milonas and Wallach, JJ.