■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BLANKUMSEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered March 11, 1981, convicting him of manslaughter in the first degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The standard for reviewing the legal sufficiency of the evidence in a criminal case is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant's guilt of the charged crimes (see, *People v Contes*, 60 NY2d 620). Applying that standard to the evidence herein, we conclude that the evidence was legally sufficient to support the conviction. Moreover, upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

Here, three prosecution witnesses testified that they saw the defendant take a gun from his waistband, point it at one of the witnesses and pull the trigger, shooting him in the chest. As the witnesses ran from the scene, they heard the defendant fire three more shots, which resulted in the death of Jeffrey Parker. The defendant's guilt of manslaughter in the first degree, assault in the second degree and criminal possession of

a weapon in the second degree was, therefore, overwhelmingly proven beyond a reasonable doubt.

Contrary to the defendant's contention, there was no broad attempt by the prosecutor to discredit the defendant by showing his affiliation with the "five percenters" *(cf., People v Connally,* 105 AD2d 797). The prosecutor merely elicited from witnesses that that group was a religious sect whose members were known by various nicknames and that the defendant had such a nickname. The prosecutor did not attempt to inform the jury of the activities, beliefs or reputation of said group or to attribute illegal, immoral or vicious acts to its members *(cf., People v Connally, supra; People v Forchalle,* 88 AD2d 645). Rather, such limited questioning merely served to explain the relevant and material issue of identification and the circumstances regarding the apprehension of the defendant who was known only by a nickname.

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Weinstein, J. P., Rubin, Kunzeman and Kooper, JJ., concur.