■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BEATTY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered June 25, 1986, convicting him of assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the prosecution adduced sufficient evidence of serious physical injury to sustain the defendant's conviction for the offense of assault in the first degree. The record demonstrates that the complainant suffered a fracture of the lamina as a result of the gunshot wound and that a bullet fragment lodged perilously close to his spine, thus precluding surgery due to the risk of paralysis. Moreover, the complainant was restricted by his doctors from playing contact sports and engaging in strenuous activities as a result of the gunshot wound. He also continues to suffer back discomfort when playing basketball. Hence, under these circumstances, we find the evidence sufficient to establish the element of serious physical injury *(see,* Penal Law § 120.10 [1]; § 10.00 [10]; *see generally, People v Rollins,* 118 AD2d 949; *People v Ahearn,* 88 AD2d 691; *People v Salisbury,* 64 AD2d 763).

Furthermore, the defendant's claim that he was denied a fair trial by certain alleged instances of prosecutorial misconduct is unpersuasive. Insofar as the prosecutor attempted to impeach a defense witness by questioning him about his relationship with a group known as the "Five Percenters", we note that a mistrial was not warranted as the prosecutor discontinued this line of questioning when the witness stated that he was unfamiliar with the group. Additionally, the jury was not informed of the activities, beliefs or reputation of the group, nor did the prosecutor attempt to attribute illegal, immoral or vicious acts to its members (see, People v Blankumsee, 133 AD2d 640; cf., People v Connally, 105 AD2d 797). Similarly, while the defendant's interpretation of a single question asked by the prosecutor as constituting a veiled reference to his criminal background is somewhat strained, it is, in any event, clear that any potential prejudice was avoided by the prompt action of the trial court in holding a side bar and advising the prosecutor to move on to another more relevant area of inquiry.

Finally, because the first and second degree assault charges constituted inclusory concurrent counts under the facts of this case (see, CPL 300.30 [4]) and the jury's verdict convicting the defendant of assault in the first degree is fully supported by the evidence, the conviction for assault in the second degree must be reversed (see, CPL 300.40 [3] [b]; People v Grier, 37 NY2d 847; People v Samuel, 123 AD2d 570; People v Boyd, 102 AD2d 774; People v Preston, 88 AD2d 574), and that count of the indictment must be dismissed. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.