■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL SELLAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered March 16, 1987, convicting him of murder in the second degree, manslaughter in the first degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After a large crowd of youths gathered on the boardwalk near Beach 105th Street in Queens, a series of violent altercations ensued during which shots were fired, leaving two men wounded and another dead. A friend of the defendant's, Rafael Morato, testified that he heard shots and saw one of the victims fall mortally wounded with a bullet wound in the chest. Although the two men who were wounded could not identify the assailant, Morato testified that within minutes after the shooting, he observed the defendant on the boardwalk with a pistol in his hand. Subsequently, the police obtained the defendant's address, proceeded to that location and, with the permission of the defendant's aunt searched the defendant's bedroom, where they discovered a blue canvas bag containing, *inter alia,* a .22 caliber pistol and particles of sand. Also removed from the defendant's bedroom was a membership card for a gang. At trial, a ballistics expert testified that the fatal shot had been fired from the pistol discovered in the defendant's bedroom.

On appeal the defendant contends that error was committed when the prosecutor cross-examined him with regard to the gang and then introduced into evidence the gang membership card discovered by the police in the defendant's room. Since there was no discernible connection between the gang and the crimes with which the defendant was charged, the prosecutor's cross-examination and the admission into evidence of the membership card were improper *(see, People v Livingston,* 128 AD2d 645; *People v Connally,* 105 AD2d 797; *People v Torres,* 72 AD2d 754). Although the court erred by permitting the prosecutor to adduce evidence concerning the gang, we find, in light of the compelling proof of guilt, that there was no reasonable possibility that the jury would have acquitted the defendant had this evidence not been introduced *(cf., People v Blankumsee,* 133 AD2d 640, *lv denied* 70 NY2d 1004).

Finally, the prosecutor's unsuccessful attempt to refresh the defendant's recollection with respect to a prior vicious act by offering him a document to review, did not, under the circumstances, exceed the bounds of propriety where the document was not identified or described in the presence of the jury or admitted into evidence.

We have considered the defendant's remaining contentions and find them to be either lacking in merit or unpreserved for appellate review. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.