■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMAINE JACKSON, Appellant. [771 NYS2d 431]—Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 10, 2002. The judgment convicted defendant, upon a jury verdict, of reckless endangerment in the second degree (two counts), assault in the first degree, assault on a police officer and criminal mischief in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of reckless endangerment in the second degree (Penal Law § 120.20) and one count each of assault in the first degree (§ 120.10 [1]), assault on a police officer (§ 120.08) and criminal mischief in the second degree (§ 145.10). Defendant failed to preserve for our review his challenges to the legal sufficiency of the evidence to establish his intent to cause serious physical injury to the officer, to prevent the officer from performing a lawful duty, or to damage the patrol car (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Gray*, 86 NY2d 10, 19 [1995]). We decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v McCain*, 307 AD2d 764, 765 [2003], *lv denied* 100 NY2d 622 [2003]). Although the contention that the evidence is not legally sufficient to establish that defendant caused serious physical injury to the officer is preserved for our review, it is without merit (*see* Penal Law § 10.00 [10]; *People v Blunt*, 176 AD2d 741, 742 [1991]; *People v Bell*, 112 AD2d 27 [1985]; *People v Hall*, 89 AD2d 788, 789 [1982]; *People v Ahearn*, 88 AD2d 691, 692 [1982]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

The contention of defendant that he was denied effective assistance of counsel is based on facts dehors the record and consequently must be raised by a motion brought pursuant to CPL article 440 (*see People v Nicholson,* 269 AD2d 868, 869 [2000], *lv denied* 95 NY2d 907 [2000]; *People v Parker,* 220 AD2d 815, 817 [1995], *lv denied* 87 NY2d 1023 [1996]; *see also People v Galleria,* 264 AD2d 899 [1999], *lv denied* 94 NY2d 880 [2000]). Defendant has failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see* 470.05 [2]; *People v Wright,* 269 AD2d 831 [2000], *lv denied* 94 NY2d 954 [2000]). In any event, there is no merit to that contention. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Wisner, J.P., Kehoe, Gorski, Lawton and Hayes, JJ.