People v Conway (2004 NY Slip Op 50069(U))

[*1]

People v Conway

2004 NY Slip Op 50069(U)

Decided on February 23, 2004

Justice Court Of Town Of Webster, Monroe County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 23, 2004

Justice Court Of Town Of Webster, Monroe County,
 The People of the State of New York, Plaintiff, vs.
against
James R. Conway, Defendant.
CR#: 307093

Michael C. Green, District Attorney, Aaron Sperano, Assistant District Attorney, of Counsel, for plaintiff. John F. Speranza, Esq., Attorney for Defendant

Thomas J. DiSalvo, J.
Facts of the Case 
The defendant was charged with common law driving while intoxicated, in violation of Vehicle and Traffic Law Section 1192(3) and driving on the left hand side of the
road in violation of Vehicle and Traffic Law Section 1130(1). The alleged incident occurred on
August 22, 2003 at approximately 5:24 P.M. The information affirmed by Trooper Kim A.
Smith alleges that the defendant "operated a 1999 Ford pick-up ... east bound on St. Rt. 104 East,
crossed the center median continuing east bound in the west bound lanes striking a bound vehicle
and the bridge over Hard Rd. in the Town of Webster, Monroe Co. New York while in an
intoxicated condition." The "Report of Refusal to Submit to Chemical Test" indicated that the
time of the arrest was 6:27 P.M. and the time of the alleged refusal was 6:00 P.M. on said August
August 22, 2003. The actual arrest took place at Rochester General Hospital, where the
defendant had been taken by ambulance. The information was accompanied by six supporting
depositions. None of the supporting depositions were executed by said witnesses on the day of
the arrest.
[*2]
The defendant was arraigned in the presence of his attorney in Webster Town Court on
September 9, 2003. Subsequently, Omnibus Motions were served by defense counsel and the
matter was set down for argument of motions on November 19, 2003. Defense counsel indicated
in oral argument that he was not seeking any suppression hearings as he did not contest the facts
as they related to said hearings, as set out in the accusatory instruments and discovery material.
The defendant raised three issues in his motions. First, that the defendant did not have
probable cause to arrest the defendant. Second, that statements made after the arrest of the
defendant, but prior to the reading of the Miranda warnings, should be suppressed. Third, that
evidence of the defendant's alleged refusal to submit to the chemical test should be suppressed,
because said refusal was not persistent as that term is contemplated by VTL Section 1194(2)(f).
History of the Case.
In a prior decision in this case, by this court in People v. Conway, 2003 NY Slip Op
61514U; 2003 N.Y. Misc. LEXIS 1629, two of those defense motions were granted. Specifically,
statements made after the arrest, but prior to the reading of the Miranda rights were suppressed.
In addition, evidence of the refusal was also suppressed. However the probable cause to arrest
the defendant was found by the court. On January 21, 2004, defense counsel was granted
leave to reargue that portion of the motion dealing with the issue of probable cause. Again,
defense counsel argues that no hearing is required, and that the court can dismiss the charges
against the defendant, based solely of the facts presented by the accusatory instrument and
[*3]
supporting depositions.
Issue Presented.
Did the occurrence of a vehicular accident in this case, give the defendant probable cause
to arrest the defendant?
Legal Analysis
In order to answer that question, one must first review CPL 140.10(b) which states that
"a police officer may arrest a person for a crime when he has reasonable cause to believe that
such person has committed such crime, whether in his presence or otherwise." This of course,
begs the question as to what constitutes "reasonable cause".[FN1] Again, reference to the applicable
statute is instructive. CPL Section 70.10(2) states in pertinent part as follows:

 "Reasonable cause to believe that a person has committed an offense" exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it."
The Court in People v. Rollins, 118 A.D.2d 949; 499 N.Y.S.2d 817 (3d Dept. 1986),
was confronted with set of circumstances very similar to the present case.[FN2] The court held that [*4]the Trooper in that case had reasonable cause to arrest the defendant. The court stated that

"In such a situation, however, the inquiry is: 'whether, viewing the facts and circumstances as they appeared at the time of arrest, a reasonable person in the position of the officer could have concluded that the motorist had operated the vehicle while under the influence of intoxicating liquor' ( People v Farrell, 89 AD2d 987, 988). The arresting trooper here had 17 years of experience and had made about 170 arrests for driving while intoxicated. The trooper was entitled to draw upon that experience in his observation of defendant at the time of the arrest (see, People v Corrado, 22 NY2d 308, 313). Given the manner in which the accident occurred, the strong odor of alcohol on defendant's breath and his watery eyes, the trooper had probable cause to arrest defendant despite the fact that he did not observe defendant walk and talk.." Supra, at 950; 819.
The defense cites People v. Graser. 90 Misc.2d 219; 393 N.Y.S.2d 1009, in support of
the argument that the arresting Trooper did not have probable cause to arrest the defendant. The
Judge in that case stated that "...the mere happening of an accident does not of itself give rise to
probable cause, or even suspicion of commission of the crime of driving while intoxicated." 
Supra at 227; 1015. However, as previously set out herein, in the instant case the trooper in
question had other facts upon which to base the arrest. The defense does not dispute the facts as
set out in the "DWI Investigative Notes", which set out the trooper's observation of the
defendant. Trooper Smith observed the defendant in the emergency room of Rochester General
Hospital. Those observations included some of the standard indicia of intoxication. The trooper
noted an odor of alcoholic beverage on the defendant's breath. In addition, the trooper observed
the defendant as having slurred speech and a flushed face. The defendant was also described as
"nodding off". Lastly, the defendant did indicate to the trooper that he had consumed some
beers prior to driving his vehicle.
The only facts which may remain in question, and which may have some bearing on the
issue of probable cause, are those which pertain to the knowledge, training and experience of the
arresting trooper. Therefore, the defense can still request a probable cause hearing to determine
if Trooper Smith's knowledge, training and experience are such that she reasonably could draw
on her knowledge, training and experience in determining that the defendant may have
committed the offense in question.
[*5]
Conclusion. 
In the case at hand, the vehicular accident was not the sole basis for the arrest of the
defendant. The accident was merely one fact that was used by the trooper in making the
arrest. The facts and circumstances of the accident, wherein the defendant had been traveling
in an eastbound direction, crossed a divided highway, striking a vehicle heading westbound,
and striking a bridge, where there was no evidence of any weather conditions or other
vehicles which may have contributed to said accident, are additional important facts that the
trooper could consider. Additionally, the physical indicia of intoxication observed by the trooper
add another piece to the puzzle. Lastly, the refusal of the defendant to submit to the blood test, is
but one more issue suggesting that the defendant may have been operating his vehicle in an
intoxicated condition.
As a result, despite further consideration of defense counsel's argument and based on the
facts currently before the court, it is hereby held that the arresting trooper had reasonable cause to
arrest the defendant for both VTL1130(1), driving on the left hand side of the road and VTL
1192(3), common law driving while intoxicated. Nevertheless, the defendant is entitled to
request a probable cause hearing to explore the facts still in issue as set out herein, such as the
sufficiency of the arresting trooper's knowledge, training and experience. The matter is restored
to the general calender. This constitutes the decision and order of this court.
Dated: Webster, New York
 February 23, 2004
E N T E R ,
Hon. Thomas J. DiSalvo
Webster Town Justice
[*6]
Decision Date: February 23, 2004
Footnotes

Footnote 1: "The terms 'reasonable' and 'probable' [cause] are used interchangeably." Handling
the DWI Case in New York, 2002-03 Edition, Section 1:18. 

Footnote 2: In that case, the facts were as follows: "At about 8:45 p.m., on December 23, 1983 on Route 96B in the Town of Ithaca, Tompkins County, defendant's car swerved into the southbound lane while traveling north and struck an oncoming car which was driven by Julia Lawrence and occupied by two passengers, Maria Piccirillo and Chuck Reynolds. A State trooper arrived as defendant was being carried to an ambulance by stretcher. This trooper later testified that he noticed that defendant's eyes were watery and that he detected a strong smell of alcohol on defendant's breath. Defendant appeared semiconscious or unconscious. At about 11:00 p.m., at the Tompkins County Hospital emergency room, defendant was arrested on a charge of driving while intoxicated. After proper warning, defendant refused to submit to a chemical test."