■ The People of the State of New York, Respondent, v Mark McGlynn, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered February 17, 1983, convicting him of robbery in the first degree (two counts), burglary in the first degree (two counts), criminal use of a firearm in the first degree, robbery in the second degree, criminal use of a firearm in the second degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of assault in the second degree as charged in the ninth count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant was charged and convicted, inter alia, of robbery in the second degree under Penal Law § 160.10 (2) (a), and assault in the second degree under Penal Law § 120.05 (6).

Pursuant to CPL 1.20 (37), since it is impossible to commit robbery in the second degree under Penal Law § 160.10 (2) (a) without concomitantly committing, by the same conduct, assault in the second degree under Penal Law § 120.05 (6), the latter is a lesser included offense of the former *(see, People v Glover,* 57 NY2d 61). We therefore conclude, and the People concede, that the defendant's conviction of assault in the second degree under the ninth count of the indictment must be reversed and that count dismissed.

We have examined the defendant's remaining contentions and find them to be either unpreserved for review or without merit. Thompson, J. P., Weinstein, Kunzeman and Harwood, JJ., concur.