■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MARTIN, Appellant.—Judgment of the Supreme Court, New York County (James Leff, J.), rendered on March 18, 1986, convicting defendant, following a jury trial, of robbery in the second degree and assault in the second degree and, upon his plea of guilty, of robbery in the first degree and sentencing him, as a second violent felony offender, to concurrent prison terms of from 7 to 14 years on each of the robbery

counts and from 2 to 4 years on the assault count, is unanimously modified on the law to the extent of reversing defendant's conviction for assault in the second degree, dismissing as to that count only, vacating the sentence thereon, and otherwise affirmed.

Defendant correctly asserts, and the People concede, that it is impossible to commit the crime of robbery in the second degree under Penal Law § 160.10 (2) (a) without also committing, by the same conduct, assault in the second degree pursuant to Penal Law § 120.05 (6). Thus, since assault in the second degree is a lesser included offense of robbery in the second degree (CPL 300.50), defendant's conviction thereon must be reversed and that count dismissed *(People v McGlynn,* 129 AD2d 740; *People v Newland,* 109 AD2d 661; *People v Boyd,* 102 AD2d 774). We have considered defendant's other contentions and find no further reversible error. Concur—Kupferman, J. P., Milonas, Kassal, Rosenberger and Ellerin, JJ.