■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN HARRIS, Appellant. [597 NYS2d 331] —Judgment, Supreme Court, New York County (Joan Carey, J.), rendered April 30, 1991, convicting defendant, upon a jury verdict, of robbery in the second degree and sentencing him as a persis-

tent violent felony offender to a term of 10 years to life, unanimously affirmed.

We agree with the ruling by Criminal Term that defendant was not entitled to a severance. "[S]everance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" *(People v Mahboubian,* 74 NY2d 174, 184). Defendant's trial claim that he was not a participant in the robbery with codefendant was not irreconcilable with codefendant's trial claim that the smashing of the jewelry case was accidental and without criminal intent. Accordingly, denial of the severance premised upon antagonistic defenses was proper *(see, People v Castro-Restrepo,* 169 AD2d 454, 456-457, *lv denied* 77 NY2d 993).

Further, defendant's appellate claim that he was unfairly prejudiced by redaction of his own statement is not only unpreserved *(see, People v McGee,* 68 NY2d 328, 333-334), but also lacking merit since redaction for *Bruton* purposes will be sustained unless defendant demonstrates undue prejudice *(People v Mahboubian, supra,* at 186-188). Here, defendant's entire statement did not, as in *Mahboubian,* explain much of the evidence against him. In fact, the statement did not address the People's compelling proof of defendant's complicity at all and only marginally tended to support his trial claim of innocence. Under the circumstances, had the issue been properly raised, the trial court could have denied the request for severance on grounds of lack of undue prejudice resulting from redaction.

Additionally, there was no suggestion that the codefendant would have cross-examined defendant about prior crimes had he testified at the joint trial since defendant had earlier declared that he had no intention of accusing the codefendant.

Finally, in view of defendant's lengthy criminal record, we decline to modify the sentence. Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Nardelli, JJ.