■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE DILLON, Appellant. [607 NYS2d 265] —Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered March 25, 1992, convicting defendant, after a jury trial, of two counts of robbery in the second degree and one count of assault in the second degree and which sentenced him to concurrent terms of 7½ to 15 years on each robbery count and 3½ to 7 years on the assault count, unanimously modified, on the law, to the extent of vacating defendant's conviction for assault in the second degree, dismissing that count, and otherwise affirmed.

Defendant asserts that his guilt of both counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]) were not proved beyond a reasonable doubt since the evidence regarding identification was legally insufficient. However, viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury's determination of defendant's guilt was overwhelmingly supported. The victim testified that as defendant and another man punched him, he felt someone trying to steal his wallet. Further, the victim saw defendant pull his penknife from his jacket pocket. Thus, defendant "aided by another person" forcibly stole the victim's penknife. Moreover, testimony by the victim about his injuries proved that defendant caused physical injury while "[i]n the course of the commission of the crime." The claims defendant raises regarding identification were matters for the jury to resolve.

The court properly denied defendant's severance motion as untimely (CPL 255.20 [1]). In any event, the court's refusal to sever was not error. "[S]everance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt." *(People v Mahboubian,* 74 NY2d 174, 184.) Defendant claimed at trial that the proof was insufficient to show beyond a reasonable doubt that a robbery had occurred and that even if a robbery had occurred, there was insufficient proof to establish that defendant was one of the participants. This was not irreconcilable with codefen-

dant's claim that he had not participated in the robbery *(see, People v Harris,* 193 AD2d 435, *lv denied* 82 NY2d 719). In this regard, both defendants argued that their participation in the robbery was not proved beyond a reasonable doubt. Moreover, they did not inculpate each other. The reference made by codefendant's counsel during summation that defendant grabbed the victim merely recited the victim's testimony and was incidental to codefendant's defense. It cannot be said that this statement resulted in " 'unfair prejudice' " to defendant or that it " 'substantially impair[ed] his defense' " *(People v Mahboubian, supra,* at 184).

Lastly, as defendant claims, and the People concede, since assault in the second degree is a lesser included offense of robbery in the second degree, defendant's conviction thereon must be reversed and that count dismissed *(People v Martin,* 136 AD2d 509, 510, *lv denied* 71 NY2d 970). Concur—Rosenberger, J. P., Ellerin, Asch, Nardelli and Williams, JJ.