■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN GIVENS, Appellant. [625 NYS2d 908] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered July 2, 1993, convicting defendant, after a jury trial, of two counts of robbery in the second degree, grand larceny in the fourth degree, assault in second and third degrees, and criminal possession of a controlled substance in the seventh degree, and sentencing him to concurrent terms of imprisonment of 7½ to 15 years, 7½ to 15 years, 2 to 4 years, 3½ to 7 years, 1 year and 1 year, respectively, unanimously modified, on the law, to the extent of vacating the conviction for assault in the second degree and otherwise affirmed.

After the prosecution complained that defense counsel had exercised his peremptory challenges in a discriminatory manner against women, the court questioned defense counsel with respect to the reason for the challenges to four women in the next round. The court then properly summarily rejected as pretextual the explanations offered and re-seated those women, since defense counsel's explanations for the use of his peremptory challenges were insufficient to rebut the prosecutor's prima facie showing of purposeful discrimination against women.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence was sufficient as a matter of law to support every element of the crimes charged. Moreover, upon an independent review of the facts, we find that the verdict was not against the weight of the evidence *(People v Bleakley,* 69 NY2d 490). As the People concede, however, the conviction for assault in the second degree should be vacated because it is a lesser included offense of second degree robbery *(see, People v Dillon,* 201 AD2d 265, 266, *lv denied* 83 NY2d 871).

We perceive no abuse of sentencing discretion *(see, People v Delgado,* 80 NY2d 780). We have considered defendant's other contentions and find them to be without merit. Concur—Ellerin, J. P., Asch, Nardelli and Williams, JJ.