■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH CANNON, Appellant. [654 NYS2d 129] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered February 15, 1994, convicting defendant, after a jury trial, of kidnapping in the second degree and robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD CANNON, Appellant. [654 NYS2d 346] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered January 20, 1994, convicting defendant, after a jury trial, of kidnapping in the second degree and robbery in the first degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

The trial court properly denied severance because there was no showing that the core of the defenses, each of which claimed

misidentification, were in irreconcilable conflict (*People v Mahboubian*, 74 NY2d 174; *People v Dillon*, 201 AD2d 265, *lv denied* 83 NY2d 966). The court's repeated instructions to the jury to draw no adverse inference from the absence of the co-defendant and to consider the evidence against each defendant separately were presumably understood and followed by the jury (*People v Davis*, 58 NY2d 1102, 1104), and assured no undue prejudice to defendant stemming from the absence of the co-defendant.

Defendant's current claim regarding the court's *Allen* charge is unpreserved (*People v Jackson*, 209 AD2d 247, 248, *lv denied* 85 NY2d 974). In any event, when viewed as a whole, the charge properly encouraged the jurors to reach a verdict without yielding conscientiously held views (*see, People v Ford*, 78 NY2d 878). Defendant's claim of coercion is negated by the circumstances that, following delivery of the *Allen* charge, the jury requested further readback and instructions, and continued deliberations into the next day (*People v Bonilla*, 225 AD2d 330, *lv denied* 88 NY2d 933).

The merger doctrine does not require dismissal of the kidnapping count, because the gunpoint kidnapping, that included handcuffing and abandonment of the victim in an isolated area, "was not a minimal intrusion necessary and integral to another crime" (*People v Gonzalez*, 80 NY2d 146, 153).

We conclude from the available record that defendant received effective assistance of counsel (*People v Baldi*, 54 NY2d 137).

We have reviewed defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Tom and Andrias, JJ.