People v Cabassa (2018 NY Slip Op 03810)





People v Cabassa


2018 NY Slip Op 03810


Decided on May 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2018

Friedman, J.P., Gische, Tom, Kern, Singh, JJ.


6698 3751/14

[*1]The People of the State of New York, Respondent,
v
Cacique Cabassa, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), and White & Case LLP, New York (Andrei A. Popovici of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Patricia M. Nuñez, J.), rendered August 3, 2016, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him to a term of five years, unanimously modified, on the law, to extent of reducing defendant's conviction to robbery in the third degree and remanding for resentencing, and otherwise affirmed.
There was a reasonable view of the evidence supporting defendant's request for submission of third-degree robbery as a lesser included offense, and we have considered and rejected the People's argument that the issue is unpreserved. The appropriate remedy for this type of error would normally be a new trial. However, the People's concession that, if we reach this error, the conviction should be reduced to third-degree robbery renders a new trial unnecessary because the modification provides defendant with a greater remedy than he would have received had the trial court submitted that charge to the jury (see CPL 470.20; People v Gilliard, 134 AD2d 178, 180 [1st Dept 1987], affd on other grounds 72 NY2d 877 [1988]).
The court properly denied defendant's severance motions. "[S]everance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" (People v Mahboubian, 74 NY2d 174, 184 [1989]). Defendant's defense was that although he was with the victim, no robbery had occurred and the victim had fabricated his account of the incident. This defense was not irreconcilable with the codefendant's defense that the victim's account was not credible and that, even if there had been a robbery, it occurred after the codefendant was no longer present (see People v Dillon, 201 AD2d 265 [1st Dept 1994], lv denied 83 NY2d 871 [1994]). The record does not support defendant's assertion that the codefendant's counsel acted as a second prosecutor, and there was no significant danger of the alleged conflict in defenses leading the jury to infer defendant's guilt.
The court properly admitted evidence that a police sergeant knew defendant from his work in the Community Affairs Bureau, as there was no implication that the sergeant had contact with defendant from a prior arrest or bad act (see People v Warren, 2 AD3d 186 [1st Dept 2003], [*2]lv denied 2 NY3d 747 [2004]). In any event, any potential for prejudice was outweighed by the probative value of this background information under the circumstances of the case.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 29, 2018
CLERK