■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL O'HARA, Appellant.—Yesawich, Jr., J.

Defendant was found guilty of visiting a savage beating upon his ex-wife, with whom he was then living. During the course of this unprovoked assault, he relentlessly pounded his former wife's head against the wall, struck her about the face, hit her with a chair, and kicked her with his leather, round-toed, mid-calf boots. Her painful and extensive physical injuries included: two black eyes, a broken tooth, foot-long bruises on her legs, a lacerated lip which required suturing and a damaged hand which swelled to twice its normal size.

It is defendant's contention that his conviction of assault in the second degree should be reversed, and to that extent the indictment should be dismissed. His appeal raises two issues: did the boots with which defendant repeatedly kicked his victim constitute a "dangerous instrument" and does the evidence demonstrate, as the jury must necessarily have found

in deciding defendant was guilty of second degree assault, that the kicking caused her physical injury.

It is clear that boots can become dangerous instruments within the reach of Penal Law § 10.00 (13). As noted in *People v Rumaner* (45 AD2d 290), *"[a]ny* instrument * * * which, under the circumstances in which it is used, is capable of causing death or other serious physical injury is a dangerous instrument within the meaning of the statute" *(id.,* p 292 [emphasis in original]). Whether a particular instrument, article or substance is to be considered dangerous is resolved by employing a "use-oriented approach" *(People v Carter,* 53 NY2d 113, 116). That approach justifies the jury's conclusion that the boots, wielded in in the fashion they were here, were readily capable of causing serious physical injury and, thus, represented a "dangerous instrument".

The assertion that, as a matter of law, the evidence does not bear out a finding that the kicking administered caused the victim to suffer "physical injury" as that term is comprehended in the Penal Law is also unconvincing. Penal Law § 10.00 (9) defines "physical injury" as the "impairment of physical condition or substantial pain". Testimony elicited at trial from the victim, who was a registered nurse, her friend, also a nurse, and two physicians provide a basis for concluding, *inter alia,* that the victim suffered painful bruising of the abdomen, back, thighs and hips due to being kicked, that though the precise cause was not established, she passed blood in her urine as a result of the mauling, and that she was required to receive emergency treatment and was rendered incapable of returning to work, all because of the battering received, of which the kicking was an integral part. That defendant inflicted physical injury with his boots obviously has ample support in the record.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.