■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO A. LAVIERA, Appellant.—Judgment unanimously affirmed. Memorandum: We agree with defendant's contention that the suppression court erred in applying the doctrine of inevitable discovery to justify the warrantless search and seizure of his bags and the clothing therein. The inevitable discovery rule may not be used to save from suppression "primary" evidence, i.e., "evidence illegally obtained during or as the immediate consequence of the challenged police conduct" *(People v Stith,* 69 NY2d 313, 318; *see also, People v Parris,* 136 AD2d 882). Here, the defendant's bloodstained jeans, which were found when the police searched his bags of clothing in the apartment of his girlfriend's sister, were clearly primary evidence and the suppression court improperly used the doctrine of inevitable discovery to justify their admission into evidence *(see, People v Burr,* 70 NY2d 354, 360, n 3, *cert denied* 485 US 989; *People v Stith, supra).* However, admitting defendant's bloodstained bluejeans into evidence was clearly harmless in view of the overwhelming evidence of defendant's guilt *(see, People v Burr, supra,* at 360), which included defendant's written confession and testimony at trial in which he admitted beating the victim to death and stuffing her body into a trash barrel. Moreover, although the bloodstained jeans tended to link defendant with the victim, who had the same bloodtype as the blood found on the pants, other articles of clothing, including the sneakers defendant was wearing at the time he was arrested, similarly linked defendant to the victim.

The court did not abuse its discretion in imposing the maximum permissible sentence. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J.—manslaughter, first degree.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.