■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROD BEAULIEU, Appellant.—Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted on count one of the indictment. Memorandum: Defendant was convicted of sodomy in the first degree for forcing a 17-year-old male acquaintance to engage in oral sex at gunpoint. Defendant argues that the trial court improperly restricted cross-examination of the victim. We find the record insufficiently developed on this issue; thus, we are unable to evaluate defendant's argument *(see, People v McDaniel,* 161 AD2d 1125). We conclude, however, that other trial errors, although unpreserved for review as a matter of law, require reversal in the interest of justice.

The court improperly admitted testimony from the victim's friend and the victim's mother that bolstered the credibility of the victim. Although witnesses who have heard a victim's prompt complaint may testify to the complaint, the testimony should be limited to the fact of the complaint and should not

include details of the incident as related by the victim *(see, People v Jackson,* 167 AD2d 893; *People v Riggio,* 144 AD2d 951).* Here, the victim's friend improperly testified in narrative form about the victim's detailed account of the incident, and the victim's mother recounted statements made by the victim on the day following the incident.

Further, the prosecutor failed to lay the proper foundation for his cross-examination of defendant's alibi witnesses concerning their failure to report their exculpatory evidence to the authorities, nor did the court, before allowing the cross-examination, hold a bench conference to determine whether the witnesses were acting on the advice of defense counsel *(see, People v Dawson,* 50 NY2d 311, 321-323). Because credibility of the witnesses was the critical issue for the jury, we cannot conclude that those errors were harmless. Consequently, a new trial is required. We have examined defendant's remaining arguments and find them to be lacking in merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Sodomy, 1st Degree.) Present—Boomer, J. P., Balio, Lawton, Fallon and Doerr, JJ.