■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY LOOMIS, Appellant. [682 NYS2d 743] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: County Court erred in denying that part of the motion of defendant seeking suppression of items seized from his room pursuant to his consent to search obtained by the police while he was in custody and after he had invoked his right to counsel. "In these circumstances it was constitutionally impermissible to seek his consent to the search before he had been permitted access to counsel" (*People v Johnson*, 48 NY2d 565, 569; *see, People v Esposito*, 68 NY2d 961, 962). Further, because defendant requested counsel on the charges on which he was taken into custody, the police could not obtain his uncounseled consent to search for items related to those charges or any other charges (*see, People v Burdo*, 91 NY2d 146, 149; *People v Steward*, 88 NY2d 496, 501, *rearg denied* 88 NY2d 1018; *People v Rogers*, 48 NY2d 167, 169). Contrary to the conclusion of the suppression court, the police were constrained from seeking defendant's consent to search even though no attorney had yet been appointed or retained. "[T]he right to counsel attaches indelibly where an uncharged individual has actually retained a lawyer in the matter at issue *or, while in custody, has requested a lawyer in that matter*" (*People v West*, 81 NY2d 370, 373-374 [emphasis added]). We therefore modify the judgment by granting in part defendant's motion and suppressing the items seized pursuant to the consent to search, reversing the conviction of criminal possession of stolen property in the fifth degree, vacating the sentence imposed thereon and dismissing count four of the indictment.

Defendant's contentions that the People presented insufficient evidence to support the conviction of attempted burglary and criminal possession of stolen property in the fourth degree are not preserved for our review (*see,* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Attempted Burglary, 3rd Degree.) Present—Green, J. P., Pigott, Jr., Balio and Fallon, JJ.