■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JAMES, Appellant. [684 NYS2d 112] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3]) manslaughter in the first degree (Penal Law § 125.20 [2]) and other crimes arising from an incident in which he broke into the home of his estranged wife, assaulted her and stabbed her boyfriend to death.

We reject the contention of defendant that County Court erred in submitting an annotated verdict sheet to the jury without his consent. Defense counsel was provided with the verdict sheet with ample opportunity to have input into its contents prior to its submission to the jury. Defense counsel pointed out a perceived deficiency in the verdict sheet, which was discussed, but did not object to the verdict sheet being submitted to the jury. Under those circumstances, "the failure to specifically object constitutes implicit, if not explicit, consent to the submission of an annotated verdict sheet" (*People v Fecunda,* 226 AD2d 474, 475, *lv denied* 88 NY2d 936).

Defendant was not denied effective assistance of counsel as a result of defense counsel's mistaken belief that, if the jury believed that defendant was acting under extreme emotional disturbance, defendant could be acquitted under count one of the indictment, charging intentional murder, rather than convicted of manslaughter in the first degree under that count. Defendant failed to establish actual prejudice as a result of defense counsel's misunderstanding (*cf., People v Daley,* 172 AD2d 619, 621), and we conclude that, on the whole, defendant received meaningful representation (*see, People v Rivera,* 71 NY2d 705, 708-709).

We agree with defendant that the court erred in failing to suppress the fruits of the search of defendant's truck. In searching the truck, the police exceeded the scope of defendant's consent. The court's reliance on the inevitable discovery exception to the exclusionary rule is misplaced. That exception applies only to secondary evidence and does not justify admission of the very evidence that was obtained as the immediate consequence of the illegal police conduct (*see, People v Stith,* 69 NY2d 313, 317-319; *People v Walker,* 198 AD2d 785, 787). The admission of that evidence, however, constitutes harmless error (*see, People v Laviera,* 152 AD2d 961).

Because the outcome of the *Sandoval* hearing was entirely favorable to defendant, his presence at the hearing would have been superfluous (*see, People v Favor,* 82 NY2d 254, 267-268,

*rearg denied* 83 NY2d 801). Contrary to defendant's contention, the issue whether the People could introduce evidence of two prior assaults on their direct case was not addressed at that hearing. Although the People should have sought a pretrial ruling on the admissibility of that evidence (*see, People v Alvino,* 71 NY2d 233, 238; *People v Ventimiglia,* 52 NY2d 350, 361-362), when defendant objected to the evidence at trial, the court properly concluded that the evidence was admissible on the issue of defendant's intent under count one of the indictment charging intentional murder (*see, People v Sutton,* 220 AD2d 705, *lv denied* 90 NY2d 864; *People v Hill,* 163 AD2d 813, *lv denied* 76 NY2d 987). The court cautioned the jury that the evidence was being admitted for the limited purpose of establishing motive and intent, not to demonstrate that defendant had the propensity to commit crimes (*cf., People v Kocyla,* 167 AD2d 938, 939-940). (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.