■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARK P. RAY, Appellant. [710 NYS2d 138] —Graffeo, J. Appeal from a judgment of the County Court of Essex County (Teresi, J.), rendered June 4, 1998, upon a verdict convicting defendant of the crimes of attempted assault in the second degree, assault in the third degree and endangering the welfare of a child.

Defendant was indicted on various counts related to his activities late in the evening on July 14, 1997 when he returned to the residence he shared with his mother and 15-year-old stepbrother, awakened his stepbrother and assaulted him intermittently for an hour by punching, scratching, biting and kicking him. After the victim broke free and fled to a neighbor's house for help, the police were called and defendant was arrested within hours of the attack. After a trial at which both the victim and defendant testified, defendant was acquitted of assault in the second degree, the first and most serious count in the indictment, but was convicted of the remaining charges.

On appeal, defendant contends that County Court erred in granting the People's application at the pretrial *Ventimiglia* hearing (*see, People v Ventimiglia*, 52 NY2d 350) by allowing the introduction into evidence of two prior incidents of defendant's behavior toward the victim. The first occurred two

days before the assault at which time defendant, who was then 28 years old, threw the victim against a wall and threatened to kill him. In the second incident seven months earlier, defendant kicked the victim after placing himself in a dispute between the victim and their mother. We find that County Court, which precluded evidence of a third incident that arose years before, reasonably determined that these recent episodes were admissible for the purpose of demonstrating defendant's intent and the absence of mistake or accident in the attack of the victim (*see, People v James*, 256 AD2d 1149, *lv denied* 93 NY2d 875; *People v Seeley*, 231 AD2d 653, *lv denied* 89 NY2d 929; *People v Jordan*, 193 AD2d 890, 893, *lv denied* 82 NY2d 756), and the court properly instructed the jury to consider the evidence only for such limited purposes (*see, People v James, supra*).

Defendant also submits that County Court erroneously denied his trial motion to dismiss wherein he asserted that the People failed to offer sufficient evidence of physical injury. As a preliminary matter, physical injury is an element of only one of the charges of which defendant was convicted—assault in the third degree—the third count of the indictment. With respect to the second count—attempted assault in the second degree—the People were merely required to show an intent to inflict physical injury. Although defendant challenged the sufficiency of the proof of physical injury in his motion to dismiss, he sought dismissal only of the first two counts of the indictment. Because defendant did not move to dismiss the third count, that issue is not properly preserved for our review (*see, People v Celeste*, 95 AD2d 961, 962).

Were we to consider defendant's assertion, we would find the evidence of physical injury to have been sufficient. Under the Penal Law, physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The People demonstrated, through the testimony of the victim and the medical director of the hospital emergency room where the victim was treated, that the adolescent suffered numerous bite marks on his hands, neck, leg and foot, swelling of his head and leg, and numerous abrasions and contusions to his head, neck and upper body. In addition, photographs were admitted which showed a multitude of red marks and welts covering the victim's body and he testified that he experienced pain for a week after the incident. We would, therefore, conclude that such evidence constituted an adequate basis for County Court's charge, and the jury could infer therefrom that the victim felt substantial pain (*see, People v Cancer*, 232 AD2d 875, *lv denied*

89 NY2d 984; *cf., People v Henderson*, 92 NY2d 677, 680; *Matter of Shane E.*, 255 AD2d 674).

Similarly without merit is defendant's claim that County Court should have granted his motion to dismiss the charge of attempted assault in the second degree since the work boots he wore that evening were not a dangerous instrument. A dangerous instrument is "any instrument * * * which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). In determining whether a particular item fits within the purview of the statute, the manner in which the item was used is of paramount consideration, in recognition that an object which is innocuous when used for its proper purpose may become dangerous when used to cause injury (*see, People v Owusu*, 93 NY2d 398; *People v Curtis*, 89 NY2d 1003; *People v Carter*, 53 NY2d 113). At trial, the People offered proof that defendant used his work boots to kick the victim in the head, chest, stomach and legs. Given the age and size differential between defendant and the victim, and the vulnerability of these areas of the body, it is evident that the boots were used in a manner readily capable of causing serious physical injury (*see, People v Carter, supra; People v O'Hara*, 124 AD2d 895).

Finally, County Court did not abuse its discretion in denying defense counsel's motion for a mistrial based on the assertion that defendant's representation had been rendered ineffective by the court's failure to sustain several objections and due to admonitions aimed at defense counsel in the presence of the jury. We note that defendant has failed to allege, much less demonstrate, that the court's rulings were actually erroneous. Moreover, upon our review of the record, we find that the trial was conducted in an even-handed manner, that many of defense counsel's objections were sustained, that the court's mild admonitions were appropriate and directed at both parties (*see, People v Tunstall*, 197 AD2d 791, *lv denied* 83 NY2d 811; *People v Vargas*, 150 AD2d 513, *lv denied* 74 NY2d 853; *People v Chandler*, 110 AD2d 970) and, as the court observed when it denied the motion, defendant's representation was more than adequate (*see, People v Baldi*, 54 NY2d 137; *People v Vargas, supra*).

We have considered the remaining contentions of defendant and find them to be without merit.

Crew III, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.