Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES W. TAYLOR, Appellant. [714 NYS2d 785] —Lahtinen, J. Appeal from a judgment of the County Court of Clinton County (Lewis, J.), rendered December 2, 1996, upon a verdict convicting defendant of the crime of assault in the second degree.

In March 1996 defendant was indicted on a single count of assault in the second degree stemming from an incident in the Village of Keeseville, Clinton County, on December 18, 1995. Found guilty after a jury trial, defendant was sentenced as a violent felony offender to an indeterminate prison term of 3½ to 7 years. He now appeals.

In December 1995 defendant and the victim of the alleged assault resided together in Keeseville. At approximately 9:00 A.M. on December 18, 1995, office workers at a business near this residence heard noise on the street and upon looking outside, observed the victim on the ground and defendant kicking her in the shoulder and abdomen areas. Both testified that they did not notice what defendant was wearing on his feet. The victim went to them for assistance in calling the police at which time they observed marks on the victim's head and face. The State Troopers testified that when they arrived at the scene the victim appeared to be red faced with some swelling on the side of her face, was crying and upset and she told them that defendant had kicked and punched her. The victim was taken by relatives to the local hospital and treated in the emergency department. Upon her complaint they sought and eventually arrested defendant at his mother's home about an hour and a half later. The police observed defendant wearing black or dark colored work boots at the time of his arrest.

The prosecution presented the testimony of the emergency department nurse and physician who cared for the victim on December 18, 1995 and the nurse and physician who treated her in a subsequent visit to the emergency department at 1:30 A.M. on December 21, 1995. All testified to their observations of her physical condition and her complaints and the physicians also described their course of treatment which included prescription pain medication and rendered opinions as to whether

these conditions they observed would be painful. Sergeant Pamela Atwood of the Clinton County Sheriff's Department testified that she booked defendant into the County Jail on December 18, 1995 and that he was wearing high-top leather lace-up boots which she examined and confiscated as dangerous because they had steel toes.

The victim also testified. At the time of trial she and defendant had resumed residing together and she acknowledged that she sought to have defendant's prosecution dismissed. She testified that on December 18, 1995 defendant pulled her hair and when he let go she slipped on ice and fell to the ground, that he then kicked her once or twice toward the right side of her stomach which hurt "a little bit," and punched her once on the left side of her shoulder or head. She indicated that defendant was wearing work boots when he kicked her but to her knowledge they did not have steel toes.

Defendant did not testify or call any witnesses. County Court submitted assault in the second degree and assault in the third degree as a lesser included offense for the jury's consideration. The jury found defendant guilty of assault in the second degree. County Court, citing defendant's "abysmal" prior legal history, imposed the maximum sentence. Defendant now appeals arguing that the verdict was not supported by legally sufficient evidence inasmuch as he claims the evidence failed to establish that the victim suffered a "physical injury" or that defendant used a "dangerous instrument" during the assault. We find these arguments lacking in merit and affirm defendant's conviction.

A person is guilty of assault in the second degree under Penal Law § 120.05 (2) when "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." Physical injury is defined in Penal Law § 10.00 (9) as "impairment of physical condition or substantial pain." As applicable here Penal Law § 10.00 (13) defines a dangerous instrument as "any instrument, article or substance * * * which, under the circumstances in which it is used * * * is readily capable of causing death or other serious physical injury."

Our analysis of defendant's argument that the evidence was legally insufficient to support his conviction requires that we view the evidence in the light most favorable to the People (*see*, *People v Harper*, 75 NY2d 313, 316; *People v Contes*, 60 NY2d 620, 621). We find that the evidence here presents a "valid line of reasoning and permissible inferences which could lead a

rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisf[ies] the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495; *see also*, *People v Contes*, *supra*, at 621).

Initially we find that the victim suffered a physical injury as defined by the Penal Law. The prosecution demonstrated, through the testimony of the victim, lay witnesses and medical experts from the hospital emergency department where the victim was treated, that she suffered severe bruising and swelling on her face and in her ribs and abdomen areas as a result of being kicked and punched by defendant. These injuries caused her such pain that she was prescribed and took pain medication commencing on December 18, 1995. This pain became so severe that on December 21, 1995 she was rushed to the same hospital by ambulance, where she reported it was painful for her even to breathe and her antipain medication was changed to a stronger drug. The emergency department physician who treated her on December 18, 1995 found that she had pain from her rib tenderness when she moved and the soreness and tenderness could go on for weeks, even a month or two. While the victim described her pain on December 21, 1995 as "different" from her pain on December 18, 1995, the emergency department physician who treated her on December 21, 1995 opined, without contradiction, that her pain was secondary to the injuries that defendant inflicted upon her on December 18, 1995. While pain is subjective and tolerated differently by each individual (*see*, *People v Guidice*, 83 NY2d 630, 636), it was the jury's province to assess the credibility of the witnesses describing the victim's physical condition (*see*, *People v Travis*, 273 AD2d 544, 548-549) and we find there was sufficient evidence for the jury to have concluded that the victim suffered substantial pain amounting to a physical injury (*see*, *People v Greene*, 70 NY2d 860; *People v Ray*, 273 AD2d 611, 612; *People v Fallen*, 194 AD2d 928, *lv denied* 82 NY2d 753; *People v O'Hara*, 124 AD2d 895, 896).

Defendant next claims that the prosecution failed to prove that the attack on the victim involved a dangerous instrument as defined in the Penal Law and specified in the indictment as steel-toed boots. The testimony of the victim clearly established that defendant was wearing work boots when he kicked her. Other witnesses observed defendant wearing work boots when he was arrested by the State Police some 1½ hours after the assault. The boots he was wearing were described as steel toed by the booking officer at the jail. Defendant argues there was

no proof that the work boots he was wearing when he kicked his victim on December 18, 1995 were equipped with steel toes. As plain work boots without steel toes have been found by us to constitute a dangerous instrument under the Penal Law (*see, People v Ray, supra,* at 613; *see also, People v Rumaner,* 45 AD2d 290), we find this argument to be of no consequence. In determining whether an instrument or article falls within the purview of a dangerous instrument our courts have adopted a use-oriented approach (*see, People v Owusu,* 93 NY2d 398, 404; *People v Carter,* 53 NY2d 113, 115) and "the manner in which the item was used is of paramount consideration, in recognition that an object which is innocuous when used for its proper purpose may become dangerous when used to cause injury" (*People v Ray, supra,* at 613). Under this analysis even rubber boots have been found to be a dangerous instrument under the Penal Law (*see, People v Carter, supra*). The evidence established that defendant was wearing work boots when he assaulted the victim and was subsequently arrested, which is sufficient for the jury to find that defendant employed a dangerous instrument during his assault.

Finally, defendant claims that the verdict was against the weight of the evidence. Though made within the context of his insufficiency of the evidence claim, this requires us to conduct our own independent review of the evidence presented (*see, People v White,* 261 AD2d 653, 657, *lv denied* 93 NY2d 1029). The prosecution's evidence of guilt was uncontradicted and assessment of the credibility of trial testimony is the province of the jury (*see, People v Bradley,* 272 AD2d 635, 636-637) and entitled to deference (*see, People v Bleakley,* 69 NY2d 490, 495, *supra*). Our independent factual review of the record finds that the verdict is not against the weight of the evidence.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed.