■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DEPERNA, Appellant. [768 NYS2d 238]—

Kane, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered May 23, 2002 in Albany County, upon a verdict convicting defendant of the crimes of assault in the second degree and assault in the third degree.

Defendant and his friend were involved in an altercation with the victim, wherein the victim hit defendant in the face several times. The victim then walked away, but defendant and his friend followed and, as the victim ascended the stairs to a bar, defendant either yanked the victim off the stairs or grabbed the victim and knocked him off balance. Some punches may have been taken as the victim fell. In any event, the victim landed flat on his back on the sidewalk, where he lay unconscious. Although there was conflicting evidence, defendant kicked or stomped the victim in the head three or four times, while his friend kicked the victim's body. The victim suffered traumatic brain injuries resulting in permanent cognitive deficits.

The jury acquitted defendant of several charges but found him guilty of one count each of assault in the second degree and assault in the third degree. Supreme Court sentenced defendant to one year for the lesser charge and seven years for the greater charge. Defendant appeals, as limited by his brief, from his conviction of assault in the second degree. We affirm.

Defendant contends that the evidence was insufficient to

prove that he caused physical injury by means of a dangerous instrument. Defendant was wearing hiking boots, which can be a dangerous instrument when used in the manner alleged (*see People v Taylor*, 276 AD2d 933, 936 [2000]). He claims that there was an insufficient causal link between the victim's brain injuries and defendant's kicking, as opposed to defendant's or his friend's punches, his friend's kicks, or the force of hitting the sidewalk (*see People v Petrosino*, 299 AD2d 851 [2002], *lv denied* 99 NY2d 618 [2003]; *People v Darrow*, 260 AD2d 928 [1999]). Defendant's contention is belied by the medical testimony, which concluded that the victim had contusions on both frontal lobes of the brain, this type of injury was caused by multiple, forceful, repetitive back-and-forth or side-to-side movements of the brain within the skull, and that it was unlikely that a single blow to the head could have caused this. While there was proof that defendant's friend kicked the victim, those kicks were to the victim's body, not the head. Accordingly, the evidence was sufficient to convict defendant of assault in the second degree (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

The verdict was also not against the weight of the evidence. There was evidence that defendant and his friend struck the victim in the head, and the circumstances of the victim's fall could have caused a head injury. The jury could reasonably find, however, based on the doctor's testimony regarding the type of force that would cause such an injury and the testimony of witnesses as to defendant's kicking motion to the victim's head, that the injury was caused by such kicking. Thus, the verdict was not against the weight of the evidence (*see People v Bleakley, supra* at 495; *cf. People v Torres*, 267 AD2d 715 [1999]).

Supreme Court's imposition of the maximum sentence here was not harsh or excessive considering defendant's criminal history and the ferocious nature of this attack (*see People v Caines*, 268 AD2d 790, 791-792 [2000], *lv denied* 95 NY2d 833 [2000]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.