■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ANTEGUA, Appellant. [777 NYS2d 477]—

Judgment, Supreme Court, New York County (Rosalyn Richter, J.), rendered June 7, 2000, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him to concurrent terms of 1 to 3 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility, including the weight to be given to inconsistencies in testimony, were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]).

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). After observing an individual hand defendant money in a furtive exchange for an unidentified object in an area with a high incidence of narcotics trafficking, the experienced officer had probable cause to arrest

defendant (*see People v Jones*, 90 NY2d 835 [1997]; *People v Schlaich*, 218 AD2d 398 [1996], *lv denied* 88 NY2d 994 [1996]). In any event, the record also supports the hearing court's alternative finding that defendant voluntarily abandoned the drugs at issue.

The court properly exercised its discretion in admitting testimony that suggested the existence of a contemporaneous uncharged drug sale. In addition to being relevant to defendant's intent to sell, this evidence provided a complete and coherent narrative of the events leading to defendant's arrest, including an explanation of why the police targeted defendant for continuing observation, and its probative value outweighed any prejudicial effect (*see People v Alvino*, 71 NY2d 233, 245 [1987]; *People v Pressley*, 216 AD2d 202 [1995], *lv denied* 86 NY2d 800 [1995]).

The record fails to support defendant's claim that he was absent from discussions with prospective jurors concerning their ability to serve (*see People v Velasquez*, 1 NY3d 44 [2003]).

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Ellerin, Williams and Marlow, JJ.