■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE HOLMES, Appellant. [780 NYS2d 96]—

Mercure, J.P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered April 14, 2003, upon a verdict convicting defendant of the crimes of burglary in the first degree (two counts) and assault in the second degree.

By a three-count indictment, defendant was charged with two counts of burglary in the first degree and one count of assault in the second degree. The charges arose out of an incident that occurred in December 2001 at the home of Celeste Fleming, defendant's former girlfriend. Fleming and her current boyfriend, Gerald Keemer, were home with their two children when Keemer answered the door and observed defendant and an unidentified man. Defendant asked to speak to Fleming and, as Keemer turned to call her, struck Keemer on the head with a metal object. Keemer pushed Fleming into a bedroom with her two children and they attempted to prevent defendant and his companion from entering the room for several minutes by blocking the door. Keemer, who was bleeding heavily, escaped out the bedroom window and fled to a friend's house.

After Keemer left, Fleming opened the door and defendant confronted her, demanding to know where Keemer had gone and asserting that Keemer had taken his supply of cocaine. Defendant then left Fleming's apartment and met her cousin outside. Fleming's cousin drove defendant and his companion to the house of a mutual friend, Cheryl Dommes, who ultimately discovered a hammer on her desk after defendant left. Dommes later turned the hammer over to the police.

After a jury trial, defendant was convicted as charged. He was sentenced, as a second violent felony offender, to 15-year prison terms on the burglary convictions and to a five-year prison term on the assault conviction, with all terms to run concurrently. Defendant appeals and we now affirm.

Initially, defendant argues that his conviction is not supported by legally sufficient evidence and is against the weight of the evidence. A person is guilty of burglary in the first degree when he or she "knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, . . . [c]auses physical injury to any person who is not a participant in the crime . . . [or u]ses or threatens the immedi-

ate use of a dangerous instrument" (Penal Law § 140.30 [2], [3]). A person is guilty of assault in the second degree when "[w]ith intent to cause physical injury to another person, he [or she] causes such injury . . . by means of a . . . dangerous instrument" (Penal Law § 120.05 [2]).

Here, Keemer testified that defendant hit him on the head with a metal tool while attempting to enter Fleming's apartment. Fleming's cousin testified that he saw defendant carrying a hammer and screwdriver when he left the apartment building and that defendant admitted hitting Keemer in the head. Either a hammer or a screwdriver can be a "[d]angerous instrument" if used in a manner that "is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; *see People v Owusu*, 93 NY2d 398, 400-401 [1999]; *People v Ray*, 273 AD2d 611, 613 [2000]). Regarding Keemer's injuries, Fleming stated that she observed blood "gushing" from Keemer's head after he was struck, Keemer testified that his wound required four staples at the hospital, and responding officers described seeing blood in the hallway, bedroom and on the ground outside the bedroom window of Fleming's apartment. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences which could lead a rational juror to the conclusion that the People established all of the elements of the crimes of burglary in the first degree and assault in the second degree beyond a reasonable doubt (*see People v McLean*, 307 AD2d 586, 587 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Ray, supra* at 612; *see also* Penal Law § 10.00 [9]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in a neutral light and giving deference to the jury's opportunity to view the witnesses testify and observe their demeanor, we find that the verdict was not against the weight of the evidence (*see People v Bleakley, supra* at 495).

Next, we note that defendant did not object to the cross-examination of two of his alibi witnesses regarding their failure to come forward with exculpatory information sooner. Thus, his argument that the prosecution failed to lay a proper foundation for the questioning of those witnesses is unpreserved (*see e.g. People v Miller*, 89 NY2d 1077, 1079 [1997]). Moreover, even assuming that the People did fail to lay a proper foundation for the cross-examination (*see People v Dawson*, 50 NY2d 311, 321 n 4 [1980]; *People v Mink*, 267 AD2d 501, 504 [1999], *lv denied* 94 NY2d 950 [2000]), the People did not assert that the alibi testimony should be rejected due to any delay in coming

forward. Further, one of the witnesses provided an explanation for her failure to come forward and County Court gave detailed instructions to the jury that the alibi witnesses had no duty to come forward and that the failure to come forward could be considered only if the People established the circumstances set forth in *People v Dawson* (*supra* at 321 n 4). Accordingly, if we were to reach this issue, we would not find that reversal is warranted in the interest of justice here (*see id.* at 324; *People v Albert*, 221 AD2d 989, 989 [1995], *lv denied* 87 NY2d 970 [1996]; *cf. People v Burgos*, 50 NY2d 992, 993-994 [1980]; *People v Beaulieu*, 184 AD2d 1061, 1062 [1992]).

Finally, we cannot say that defense counsel's failure to object to the cross-examination of defendant's alibi witnesses amounted to ineffective assistance of counsel. We note that defense counsel made numerous pretrial motions, participated and advocated for defendant in jury selection, extensively cross-examined witnesses, made a coherent closing argument and made numerous motions during trial and after the verdict on behalf of defendant. Under these circumstances, we conclude that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]).

We have considered defendant's remaining arguments, including his claim that his sentence is excessive, and conclude that they are without merit.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.