■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE L. THURMAN, Appellant. [917 NYS2d 784]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered December 10, 2008. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Supreme Court did not err in refusing to suppress the handgun seized as the result of frisking defendant's person. The handgun was found in the pocket of the coat that defendant was wearing. According to the evidence presented at the suppression hearing, two police officers went to 183 Edison Street, a location personally known to them as a drug-prone area, in response to community requests to investigate the area. Upon arriving at the scene, the officers, one of whom was experienced in narcotics trafficking, observed defendant and a codefendant leaning into a van parked in front of that address with their hands inside the front passenger compartment of the vehicle. Both officers saw either defendant or the codefendant give the front seat passenger something in exchange for money. Each officer then approached

defendant and the codefendant, respectively. Upon questioning by the officer who approached him, the codefendant admitted that he was in possession of a weapon, whereupon the officer found and seized a handgun from the codefendant's back waistband, handcuffed the codefendant, and placed him in the patrol car. Upon learning that a weapon had been found on the codefendant, the officer who had approached defendant conducted a pat down of defendant's pants for weapons, resulting in the seizure of marihuana from defendant's pocket. However, defendant was belligerent throughout the pat down, almost to the point of physically confronting the officer. In addition, two bystanders became belligerent and began to yell at the officers. Because the situation was escalating out of control, the officers placed defendant in the patrol car with the codefendant. When it was discovered that the officer who had approached defendant had never conducted a complete frisk of defendant's person, defendant was removed from the patrol car and was frisked for weapons, resulting in the discovery of the handgun in his coat pocket.

The suppression court determined that the officers' initial approach of defendant and the codefendant was justified by a founded suspicion of criminality, and that the discovery of the handgun on the codefendant established a reasonable suspicion to justify the pat down of defendant for weapons. The court determined, however, that the officer illegally searched the inside of defendant's pocket during the pat down and that his seizure of the marihuana therefrom was illegal because there was no evidence that the officer believed that there was a weapon in that pocket. The court nevertheless determined that the handgun discovered during the later frisk was admissible because it would inevitably have been discovered even in the event that the officer never found the marihuana, given the deteriorating situation at the scene, the need to remove defendant from the gathering bystanders, and the frisk for weapons that would have occurred prior to placing him in the patrol car to diffuse the situation.

We agree with the court that inevitable discovery doctrine applies (*see generally People v Turriago*, 90 NY2d 77, 85 [1997], *rearg denied* 90 NY2d 936 [1997]; *People v Stith*, 69 NY2d 313, 318 [1987]; *People v Fitzpatrick*, 32 NY2d 499, 506-507 [1973], *cert denied* 414 US 1033, 1050 [1973]). Given the evidence of narcotics trafficking observed by the police upon their arrival at the scene and the subsequent discovery of the weapon on the codefendant, we conclude that neither the approach to investigate nor the pat down of defendant's person was illegal (*see gen-*

*erally People v Rios*, 34 AD3d 375 [2006], *lv denied* 8 NY3d 848 [2007]; *People v Antegua*, 7 AD3d 466, 466-467 [2004], *lv denied* 3 NY3d 670 [2004]; *People v Dukes*, 254 AD2d 149 [1998], *lv denied* 93 NY2d 898 [1999]). With respect to the application of the inevitable discovery doctrine, we reject defendant's contention that the handgun seized during the frisk, rather than the marihuana seized during the pat down, was the primary evidence obtained as a result of the illegal police conduct and thus should have been suppressed (*see generally People v Stith*, 69 NY2d 313, 318-319 [1987]; *People v Hancock*, 71 AD3d 566 [2010]; *People v Lindsey*, 13 AD3d 651, 652 [2004]; *People v James*, 256 AD2d 1149 [1998], *lv denied* 93 NY2d 875 [1999]). Although defendant is correct that the inevitable discovery doctrine "applies only to secondary evidence and does not justify admission of the very evidence that was obtained as the immediate consequence of the illegal police conduct" (*James*, 256 AD2d at 1149), here the court properly determined that the primary evidence of the illegal police conduct in this case, i.e., the officer's improper search of defendant's pants pocket, was the marihuana and not the handgun.

Finally, the bargained-for sentence is not duly unduly harsh or severe. Present—Scudder, P.J., Martoche, Green, Pine and Gorski, JJ.