# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1155**

**KA 10-00517**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

FRANK GARCIA, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered September 1, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (two counts) and kidnapping in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed for murder in the first degree under count one of the indictment shall run concurrently with the sentence imposed for murder in the first degree under count two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]) and kidnapping in the second degree (§ 135.20). Contrary to the contention of defendant, County Court did not abuse its discretion in denying his motion for a mistrial based on a violation of the court's *Ventimiglia* ruling (*see generally People v Ortiz*, 54 NY2d 288, 292). Any prejudice resulting from the *Ventimiglia* violation was alleviated by the court's curative instruction (*see People v Allen*, 78 AD3d 1521, 1521, *lv denied* 16 NY3d 827). In any event, the error is harmless inasmuch as there is overwhelming evidence of guilt, and there is no significant probability that the single statement by the witness affected the jury's verdict or that the absence of the error would have led to an acquittal (*see People v Orbaker*, 302 AD2d 977, 978, *lv denied* 100 NY2d 541; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Contrary to defendant's further contention, the court did not abuse its discretion in denying defense counsel's request for an adjournment of the trial to allow him additional time to prepare for trial. Defense counsel had notice of the trial date over five months in advance, thereby giving him sufficient time to prepare, and defendant did not demonstrate that he was prejudiced by the court's

denial of his request for an adjournment (*see People v Peterkin*, 81 AD3d 1358, 1360, *lv denied* 17 NY3d 799; *People v Bones*, 50 AD3d 1527, 1528, *lv denied* 10 NY3d 956).  Indeed, the record demonstrates that defense counsel was well prepared to represent defendant. Additionally, defendant's contention that the court erred in refusing to suppress the identification evidence is without merit inasmuch as the lineup was not unduly suggestive (*see People v Corchado*, 299 AD2d 843, 844, *lv denied* 99 NY2d 581; *see generally People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

We agree with defendant, however, that the court erred in refusing to suppress the evidence obtained from a buccal swab.  As the court properly determined, the taking of the swab after defendant had invoked his right to counsel was error inasmuch as defendant could not consent to the seizure in the absence of counsel (*see People v Loomis*, 255 AD2d 916, 916, *lv denied* 92 NY2d 1051).  Nevertheless, the court denied the motion after concluding that the evidence was admissible under the inevitable discovery doctrine.  That was error. The inevitable discovery doctrine provides that "evidence obtained *as a result of information derived from* an unlawful search or other illegal police conduct is not inadmissible under the fruit of the poisonous tree doctrine where the normal course of police investigation would, in any case, even absent the illicit conduct, have inevitably led to such evidence" (*People v Fitzpatrick*, 32 NY2d 499, 506, *cert denied* 414 US 1033 [emphasis added]; *see People v Turriago*, 90 NY2d 77, 85, *rearg denied* 90 NY2d 936).  It thus follows that the inevitable discovery doctrine does not apply where "the evidence sought to be suppressed is the very evidence obtained in the illegal search [and seizure]" (*People v Stith*, 69 NY2d 313, 318; *see Turriago*, 90 NY2d at 86; *People v James*, 256 AD2d 1149, 1149, *lv denied* 93 NY2d 875).  Here, the DNA sample from the buccal swab that defendant sought to suppress was "the very evidence that was obtained as the immediate consequence of the illegal police conduct" (*James*, 256 AD2d at 1149).  While the People are correct that they could have obtained a court order to compel defendant to give a DNA sample, they should have done just that instead of relying on the inevitable discovery doctrine, which was not applicable (*see e.g. People v Doll*, 98 AD3d 356, ___).  We conclude, however, that the error is harmless.  As noted, the evidence of defendant's guilt is overwhelming, and we conclude that there is no reasonable possibility that the erroneously admitted evidence contributed to defendant's conviction (*see People v Vaughn*, 275 AD2d 484, 488, *lv denied* 96 NY2d 788; *see generally Crimmins*, 36 NY2d at 237).

Finally, we agree with defendant that the consecutive sentences imposed for murder in the first degree under counts one and two of the indictment are illegal, and we therefore modify the judgment by directing that the sentences on those counts run concurrently (*see People v Rosas*, 8 NY3d 493, 495; *People v Ojo*, 43 AD3d 1367, 1368, *lv denied* 10 NY3d 769, *reconsideration denied* 11 NY3d 792).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court