People v Gill (2019 NY Slip Op 00004)





People v Gill


2019 NY Slip Op 00004


Decided on January 3, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 3, 2019

108988

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RASHEED GILL, Appellant.

Calendar Date: November 20, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Catherine A. Barber, Guilderland, for appellant.
P. David Soares, District Attorney, Albany (Noel Mendez of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered September 28, 2016, upon a verdict convicting defendant of the crimes of attempted assault in the first degree and assault in the second degree.
Defendant was charged by indictment with attempted assault in the first degree and assault in the second degree based on allegations that he struck the victim in the head with a hammer. After a jury trial, defendant was convicted as charged and was sentenced to concurrent prison terms of seven years on each conviction, to be followed by a maximum of five years of postrelease supervision. Defendant appeals.
Defendant contends that his conviction for attempted assault in the first degree is not supported by legally sufficient evidence because there was no evidence that he intended to cause serious physical injury to the victim and that the verdict as to both convictions is against the weight of the evidence. Defendant's legal insufficiency challenge is unpreserved for our review because he did not specifically raise the intent issue in his motion for a trial order of dismissal (see People v Williams, 163 AD3d 1160, 1161 [2018]; People v Stokes, 159 AD3d 1041 [2018]). Nevertheless, in conducting our weight of the evidence review, we must consider whether each element of the charged crimes was proven beyond a reasonable doubt (see People v Williams, 163 AD3d at 1161).
"When undertaking a weight of the evidence review, we must first determine whether, based on all the credible evidence, a different finding would not have been unreasonable and then weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence. When conducting this review, we consider the evidence in a neutral light and defer to the jury's credibility assessments" (People v Creech, 165 AD3d 1491, 1492 [2018] [internal quotation marks and citations omitted]). As relevant here, a person commits attempted assault in the first degree by using a deadly weapon or dangerous instrument with the intent to cause serious physical injury to a person (see Penal Law §§ 110.00, 120.10 [1]), and serious [*2]physical injury is a "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). A person commits assault in the second degree, as relevant here, when, "[w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05 [2]), and physical injury "means impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]).
The charges arose out of an incident that occurred in December 2015 at a residence in the City of Albany where defendant's son and the mother of defendant's son lived. The victim testified that he and the mother, who had attended high school together, had a conversation on the front porch that lasted approximately 15 minutes. As the victim hugged the mother goodbye, defendant, who lived nearby but had not previously been present, suddenly approached the victim from behind and struck him four to five times in the back of the head with a hammer. The victim — who was much larger than defendant — was able to restrain defendant on the ground for approximately 10 to 15 minutes until two police officers — Phillip Durand and Jacob Conlin — responded. Durand testified that when he arrived at the scene, he found defendant holding a hammer in his right hand while being pinned to the ground by the victim and that the victim had a large lump and numerous lacerations on his head that had resulted in significant bleeding. Conlin corroborated Durand's description of the victim's injuries and noted that the only injuries that defendant exhibited were minor scrapes on his hands and knuckles. After he was restrained in handcuffs, defendant spontaneously asked Conlin, "[W]hat would you do if that guy was coming out of your girl's house?" Additionally, after he had been transported to the police station, defendant asked if Durand "had ever been in love" before. At trial, a resident of the neighborhood testified that he saw defendant walk to the porch of the residence carrying only a cell phone and that, after a verbal altercation, the victim pushed defendant and approached him with an object that the neighbor could not clearly see or identify; however, the neighbor was unable to see the remainder of the altercation.
A different verdict would not have been unreasonable on either charge in light of the neighbor's testimony, which was consistent with defendant's argument that he had acted in self-defense. However, upon viewing the evidence in a neutral light and deferring to the jury's credibility assessments, we conclude that the verdict is not against the weight of the evidence. With respect to attempted assault in the first degree, testimony that defendant struck the victim in the head with a hammer establishes beyond a reasonable doubt that defendant intended to cause serious physical injury to the victim (see People v Andrews, 78 AD3d 1229, 1230-1231 [2010], lv denied 16 NY3d 827 [2011]; People v Holmes, 9 AD3d 689, 691 [2004], lv denied 3 NY3d 675 [2004]; see also People v Alvarado, 262 AD2d 710, 711 [1999]). Testimony that the victim sustained injuries that resulted in bleeding, swelling and substantial pain as a result of being struck by defendant likewise establishes the elements of assault in the second degree beyond a reasonable doubt (see People v Holmes, 9 AD3d at 691).
Defendant's remaining contentions do not require extended discussion. Testimony at the suppression hearing supports County Court's determination that defendant's statements were voluntary and spontaneous and, therefore, admissible (see People v Davis, 155 AD3d 1311, 1315 [2017], lv denied 30 NY3d 1114 [2018]; People v Ero, 139 AD3d 1248, 1250 [2016], lv denied 28 NY3d 929 [2016]; People v Porter, 35 AD3d 907, 908 [2006], lv denied 8 NY3d 926 [2007]; People v Smith, 21 AD3d 587, 588 [2005], lv denied 5 NY3d 833 [2005]). Finally, defendant claims that his sentence is harsh and excessive. Notwithstanding defendant's limited criminal history and professed remorse, in light of the brutal nature of the attack, we discern no extraordinary circumstances or an abuse of discretion that would warrant a reduction of the sentence in the interest of justice (see People v Cole, 150 AD3d 1476, 1482-1483 [2017], lv denied 31 NY3d 1146 [2018]; People v Friedrick, 46 AD3d 943 [2007]).
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.